COMMONWEALTH *vs.* MILDRED BALL & others.

Suffolk. March 22, 1927. — April 5, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Parent and Child*, Neglected child.

The paramount object of G. L. c. 119 is to promote the welfare of the child. Upon exceptions to rulings by a judge of the Superior Court who heard a petition by the parents of a child, who, under Sts. 1903, c. 334; 1909, c. 181, had been adjudged a neglected child and placed in the custody of a certain person, seeking that the child be returned to them, it was *held* that

(1) The evidence being conflicting on the question, what would best further the child's welfare, it could not be ruled as a matter of law that the decree should be modified and the child returned to his parents;

(2) Even if the cause stated for the original commitment no longer existed and the parents were at the time of the hearing competent and

fit to have the care of the child, the court, in the exercise of a wise discretion and upon an impartial determination of the facts warranting such a decision in a particular case, might decide that the welfare of the child would not permit her removal from her present custody;

(3) A denial of a ruling, in effect, that the exercise of the discretion of the custodian should be based upon the condition of the home of the parents, their lives, and the probability of neglect if the child were returned, and not upon a comparison of that home with the home of the foster parents, was not prejudicial where the judge ruled, "A custodian who is asked to return a child should in exercising his discretion take into consideration the home conditions of the parents, their manner of living, the probability or lack of probability of neglect, crime, cruelty, insanity, drunkenness or other vice of the parents affecting the child if it is returned. He should not base a denial of return merely upon his belief that the conditions of the home where the child is living under his custody are superior to those of the home of the parents."

COMPLAINT, received and sworn to in the Municipal Court of the Roxbury District on September 18, 1916, alleging that Helen Ball, two sisters and three brothers were neglected children.

A decree was entered in the Superior Court placing the children in the care of William J. Driscoll.

On March 1, 1926, the parents of Helen Ball filed a petition, afterwards amended, seeking that Driscoll show cause why the order of the court, dated April 9, 1918, should not be modified and Helen Ball returned to the petitioners. The petition was heard by *Donahue,* J. The evidence was conflicting. The petitioner asked for the following rulings:

"1. Upon all the evidence the decree should be modified as prayed, and the child in question should be returned to her parents, the petitioners.

"2. The petitioners have the right to the custody of Helen Ball, the child in question, if the cause of the commitment has ceased to exist.

"3. The petitioners have the right to the custody of Helen Ball, if the Court finds there would be no danger of her neglect, were she returned.

"4. The exercise of the discretion of the custodian should be based upon the condition of the home of the parents, their lives, and the probability of neglect if the child were returned and not upon a comparison of that home with the home of the foster parents."

The trial judge denied the petition, and, on the petitioners' request for rulings, ruled as follows:

"1. The petitioners' first request for a ruling is refused.

"2. The petitioners' second request for a ruling is refused. The request is based on the theory that the parents had the right to the custody of one who had been adjudged a neglected child, when the 'cause of the commitment' has ceased to exist. The statutory permission to the designated custodian to return a 'neglected child' does not depend upon 'the cause of commitment' ceasing to exist, but upon whether 'the object of his commitment has been accomplished.' G. L. c. 119, § 4. The object of the statute is to 'promote the welfare of the child,' and this is 'the paramount consideration.' 161 Mass. 70 at 72. The right of the parent to the return of his child depends upon his showing (1) that the cause stated for the commitment no longer exists, (2) that he is competent and fit to have the care of the child, and (3) that the welfare of the child will permit her removal from her present custody.

"3. The third request is refused. This represents too narrow a construction of the statute since it ignores the welfare of the child.

"4. The fourth request is refused. A custodian who is asked to return a child should in exercising his discretion take into consideration the home condition of the parents, their manner of living, the probability or lack of probability of neglect, crime, cruelty, insanity, drunkenness or other vice of the parents affecting the child if it is returned. He should not base a denial of return merely upon his belief that the conditions of the home where the child is living under his custody are superior to those of the home of the parents."

The petitioners alleged exceptions.

*R. S. McCabe*, for the defendants.

*W. B. Downey*, for the Commonwealth.

SANDERSON, J. This is a petition brought by the parents of Helen Ball asking that an order of the Superior Court, made in 1918, placing her in the care of William J. Driscoll until the further order of court, be modified by the entry of an order for her return to the petitioners. The original

order was made in accordance with the provisions of St. 1903, c. 334, as amended by St. 1909, c. 181, after a decision that Helen Ball was a neglected child.   A judge of the Superior Court denied the petition, and the petitioners saved exceptions to his refusal to make certain rulings.   For the purposes of this case it is assumed, without deciding, that this action of the Superior Court is subject to review by bill of exceptions.

The first request is, in substance, that the decree be modified and the child returned to her parents.   Such ruling could not have been made.   The question, whether the child should be returned, depended upon facts found by the judge upon the evidence.   The second is, that the petitioners have the right to the custody of the child if the cause of the commitment has ceased; and the third, that they have the right to such custody if the court finds that there would be no danger of her neglect were she returned.

In proceedings under earlier statutes this court has said that, while the rights of parents are to be protected in such cases, the welfare of the child is the "paramount consideration."   *Wares, petitioner,* 161 Mass. 70, 72.   Unless the welfare of the child will be promoted by returning her to her parents, it cannot be said that "the object of . . . [her] commitment has been accomplished."   G. L. c. 119, § 44. See *Purinton* v. *Jamrock,* 195 Mass. 187, 201.   Even if the cause stated for the original commitment no longer exists and the parents are now competent and fit to have the care of the child, the court may, in the exercise of a wise discretion and upon an impartial determination of the facts in a particular case, decide that the welfare of the child will not permit her removal from her present custody.

The fourth request is, in effect, that the exercise of the discretion of the custodian should be based upon the condition of the home of the parents, their lives, and the probability of neglect if the child were returned, and not upon a comparison of that home with the home of the foster parents. The judge, in refusing this request, said: "A custodian who is asked to return a child should in exercising his discretion take into consideration the home condition of the parents,

their manner of living, the probability or lack of probability of neglect, crime, cruelty, insanity, drunkenness or other vice of the parents affecting the child if it is returned.   He should not base a denial of return merely upon his belief that the conditions of the home where the child is living under his custody are superior to those of the home of the parents."

We find no error of law in the judge's refusal to give the rulings requested.

*Exceptions overruled.*