[No. 15636. Department Two.—December 26, 1894.]

MARIA SCHAMMEL, RESPONDENT, *v.* HENRY SCHAMMEL, APPELLANT.

DIVORCE—CUSTODY AND EDUCATION OF MINOR CHILDREN—JURISDICTION OF SUPERIOR COURT—FUTURE CONTINGENCIES.—Under sections 138 and 139 of the Civil Code the court may make necessary or proper provision for the custody, care, and education of the minor children, and, where the divorce is granted for an offense of the husband, may compel him to provide for the maintenance of the children, and may from time to time modify its orders in these respects; but its jurisdiction to make such orders is limited to the conditions and circumstances existing at the time they are made, and the court cannot anticipate and provide for future contingencies.

ID.—DEATH OF MOTHER—APPOINTMENT OF GUARDIAN FOR CHILD—POWER OF COURT.—The court, in making its orders for the custody and support of a minor child, cannot anticipate that the mother may die during the minority of the child, and that a guardian other than her father may thereafter be appointed, and then proceed to direct that the allowance made to the mother for the support of the child shall be paid to such guardian.

ID.—RIGHTS OF FATHER—OBLIGATION TO SUPPORT CHILD.—Upon the death of the mother, the father becomes entitled to the custody of the child, and this right continues until a guardian of her person is appointed, after which he is under no obligation to furnish support to the child other than such as the law imposes upon him.

APPEAL from orders of the Superior Court of the City and County of San Francisco directing an execution to issue and refusing to vacate or modify it.

The facts are stated in the opinion.

*Fisher Ames*, for Appellant.

A divorce suit abates by the death of one of the parties. (*Ewald* v. *Corbett*, 32 Cal. 493, 499; *Fornshill* v. *Murray*, 1 Bland. Ch. 479; 18 Am. Dec. 344; *Swan* v. *Harrison*, 2 Cold. 535; *Pearson* v. *Darrington*, 32 Ala. 254; *Downer* v. *Howard*, 44 Wis. 82, 88; *Brocas* v. *Brocas*, 2 Swab. & T. 383; *Grant* v. *Grant*, 2 Swab. & T. 522.) A divorce suit will not be revived unless some statute authorizes a revival, as far as property rights are concerned. (*Hawks* v. *Hawks*, L. R. 1 Pro. Div. 137; *Downer* v. *Howard*, 44 Wis. 82; *Ewald* v. *Corbett*, 32 Cal.

493; *Shafer* v. *Shafer*, 30 Mich. 163; *Kimball* v. *Kimball*, 44 N. H. 122; 82 Am. Dec. 194; *Wren* v. *Moss*, 7 Ill. 72.) In case of the death of one of the parties after entry of decree, such decree cannot be taken advantage of without a bill of revivor against the heirs of the decedent. (*Ewald* v. *Corbett*, 32 Cal. 493, 499; *Francis* v. *Francis*, 31 Gratt. 289.) In several of the states it has been held that, upon the death of either party to a divorce suit, the action abates, and cannot even be revived. (*Barney* v. *Barney*, 14 Iowa, 189; *Thomas* v. *Thomas*, 57 Md. 504; *McCurley* v. *McCurley*, 60 Md. 185; 45 Am. Rep. 717; *Shafer* v. *Shafer*, 30 Mich. 163.) The custody of the children, unless disposed of by will, belongs to the survivor. (*Lefever* v. *Lefever*, 6 Md. 472, 476; *Willis* v. *Jones*, 57 Md. 362, 368.)

*J. D. Sullivan*, for Respondent.

An execution may be issued for alimony allowed by a decree of court. (Code Civ. Proc., sec. 1007; *Van Cleave* v. *Bucher*, 79 Cal. 600.) The order for the maintenance of the children may be enforced by execution as if it were a judgment. (Civ. Code, sec. 139.) The death of the plaintiff in the divorce action could not affect in any manner the order made for the maintenance of the children, and could not abate such order. Such order is made for the protection of the children; and the person to whom the allowance is made payable is not to him, as a judgment creditor, but as the agent of the court, whose duty it is to see that the children shall not suffer by reason of the differences of their parents. (*Ex parte Gordan*, 95 Cal. 374.)

BELCHER, C.—The parties to this action were husband and wife, and were divorced by a decree entered therein on December 9, 1887. The decree awarded to the plaintiff the custody of Etta Schammel, the minor child of the parties, and the defendant was " ordered and decreed to contribute to the support and education of said Etta, the sum of fifteen dollars per month during the

period of her minority," and " to pay said sum of money to the plaintiff, or to her order, or to the legal guardian of said minor, on the first day of every month for the time aforesaid."

On May 5, 1890, on motion of the plaintiff, the allowance for the support of the minor was increased by order of the court to twenty-five dollars per month.

On March 27, 1891, the plaintiff died, owning two lots of land, with houses thereon, in the city and county of San Francisco, one of which she gave to her said minor daughter, and the other to Ernestine Gallagher, a married daughter. The house and lot given to the minor daughter was worth about three thousand five hundred dollars, and when rented yielded about twenty-five dollars per month.

On June 12, 1891, an order was duly made and entered in the matter of the estate of Maria Schammel, deceased, allowing said minor out of said estate the sum of fifty dollars per month for her support, education, and maintenance, and on the same day Ernestine Gallagher was duly appointed guardian of her person and estate.

The defendant paid the allowance for his daughter regularly every month, up to and including the month of March, 1891, but thereafter neglected and refused to make any further payments.

About a month after her mother's death defendant saw his daughter, and requested her to go and live with him—he had then married again—but she refused to do so; and again in April, 1892, he saw her, and invited her to live with him, and make his house her home, but she still refused to do so.

In March, 1893, Ernestine Gallagher, as guardian of her sister Etta, applied to the court below for an order in the above-entitled action directing the clerk of the court to issue an execution against the property of the defendant for the aggregate of the sums ordered to be paid by him for the support of said Etta, but not paid. The application was heard, and in August following an

order was made and entered directing the clerk of the court to issue an execution, as asked for, for the sum of six hundred dollars. From this order and an order subsequently made refusing to vacate or modify it the defendant appeals.

Under sections 138 and 139 of the Civil Code the court, in an action for divorce, is authorized to make any necessary or proper provision for the custody, care, and education of the minor children of the marriage; and where a divorce is granted for an offense of the husband it may compel him to provide for the maintenance of such children, and may from time to time modify its orders in these respects. But the power to make such orders must be held to be limited to the conditions and circumstances existing at the time they are made. The court cannot then anticipate what may possibly thereafter happen, and provide for the future contingencies. For example, the court, in making its orders for the custody and support of the minor in this case, could not anticipate that the mother might possibly die during the minority of the child, and that a guardian of her person other than her father might thereafter be appointed, and then proceed to direct that the allowance made to the mother for the support of the child should be paid to such guardian.

The order, as made, that the defendant pay said sum of money "to the legal guardian of said minor" was, therefore, beyond the power of the court, and without any legal effect.

Upon the death of the mother the father again became entitled to the custody of the child, and this right continued until a guardian of her person was appointed. After that he was under no obligation to furnish her support other than such as the law imposed upon him.

It follows that the orders appealed from should be reversed and the court below directed to dismiss the proceeding.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the orders appealed from are reversed and the court below directed to dismiss the proceeding.

FITZGERALD, J., McFARLAND, J., DE HAVEN, J.

Hearing in Bank denied.