### HELEN D. STONE *vs.* ALICE M. DUFFY.

Worcester. September 28, 1914. — October 29, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Child. Marriage and Divorce. Probate Court. Guardian. Habeas Corpus.*

A decree as to the custody of a minor child made in a divorce suit between his parents, by which the father was charged with the payment of a monthly sum for the support of his child of tender years and the custody of the child was awarded to him for three months of each year and to the child's mother for the remaining months subject to a provision for visits from the father, relates only to the correlative rights of the parents and upon the death of the father ceases to be in force; so that after such death the mother's right to the custody of the child is only that of a surviving parent unaffected by the decree in the divorce suit.

Under R. L. c. 145, § 4, as amended by St. 1902, c. 474, and St. 1904, c. 163, the Probate Court has power to give to a guardian appointed by that court the custody of a child seven years of age, whose father is dead, against the objection of the child's mother, if the court finds that such surviving parent is unfit to have such custody.

On a petition by the surviving parent of a child seven years of age for a writ of *habeas corpus* addressed to a person representing a guardian of the child appointed by the Probate Court, where it appeared that the guardian was appointed by that court on the ground that the petitioner was an unfit person to have custody of the child and that the petitioner appealed from the decree of appointment, which appeal still was pending, it was *held*, that, although the Probate Court did not transcend its jurisdiction in making the decree, the petition should not be dismissed; because the Supreme Judicial Court on a petition for a writ of *habeas corpus* had paramount jurisdiction to determine in the exercise of a sound judicial discretion to whom the custody of the child should be given during the controversy, and for that purpose it was ordered that the case should stand for further hearing before a single justice.

PETITION, filed in the Supreme Judicial Court on June 19, 1914, by Helen D. Stone, the surviving parent of Stuart R. Duffy, a minor seven years of age, for a writ of *habeas corpus* addressed to Alice M. Duffy, a sister of the late William J. Duffy, of Worcester, the said William having been the father of Stuart and formerly the husband of the petitioner, alleging that the petitioner was entitled to the custody of her said minor son under a decree of the Superior Court entered on May 12, 1910, in a divorce suit brought against the petitioner by William J. Duffy, and that the petitioner's said minor son was restrained of his liberty by the respondent under the pretense of some legal right.

Upon the filing of the petition an order was made for the issuing of the writ, and for its return forthwith. Upon the return of the writ the respondent, Alice M. Duffy, filed an answer stating in substance that said Stuart R. Duffy was in her custody under an arrangement authorized by the Probate Court for the County of Worcester, between herself and one Edward T. Esty, who by a decree of that court made on December 30, 1913, was appointed guardian of said Stuart R. Duffy, upon a petition for guardianship filed by the respondent, Alice M. Duffy, in said Probate Court on May 24, 1912, which petition alleged in substance that there was occasion for the appointment of a guardian of said Stuart R. Duffy, and that his surviving parent, Helen D. Stone, the petitioner in this case, was unfit to have custody of him.

The case was heard by *Rugg*, C. J., who made findings of material facts, including the facts that are stated in the opinion, and by agreement of the parties reported the case for determination by the full court upon the petition for *habeas corpus*, the answer or return of Alice M. Duffy to the writ, and the findings of fact. If the court should be of opinion that the Probate Court for the County of Worcester had no authority to make the decree concerning the custody of Stuart R. Duffy upon Alice M. Duffy's petition for guardianship filed on May 24, 1912, judgment was to be entered discharging Stuart R. Duffy from the custody, possession and control of Alice M. Duffy, and remanding him to the possession and custody of the petitioner; but, if the court should be of opinion that the Probate Court for the County of Worcester did have authority to make the decree relative to the custody of Stuart R. Duffy, on the petition for guardianship, such judgment was to be entered as justice might require.

The case was submitted on briefs.

*W. G. Thompson, T. H. Gage & G. E. Mears,* for the petitioner.

*T. L. Walsh, C. B. O'Toole & J. H. Walsh, Jr.,* for the respondent.

BRALEY, J. By the terms of the decree of divorce the father and libellant, until the further order of the court, was charged with the payment of a fixed monthly sum for the maintenance of their only child, a son of tender years, and custody was awarded to him for three months of each year, and to the petitioner, the libellee, for the remaining months subject, however, to the father's right of companionship on designated days and at such places as he might select. The father, who never complied with the decree and retained sole possession of the child, died after the decree became absolute, and upon the application of the respondent, a paternal aunt, the Probate Court appointed a guardian of the child's estate, with custody of his person. R. L. c. 145.

The petitioner, who has married again, contends that so much of the decree as gave the custody to the guardian is void for want of jurisdiction. *Clarke's Case,* 12 Cush. 320.

The original and exclusive jurisdiction of the Superior Court over divorce causes, and the care, support and custody of minor children of the parties is conferred by R. L. c. 152. By §§ 25–28 the court can provide, pending the proceedings

and after divorce, for their maintenance and custody. It may give the custody, if the welfare of the children will be promoted, to the mother, even if she is the party in fault, or to the parents jointly for stated periods, or to a third person. R. L. c. 152, § 28. *Oliver* v. *Oliver,* 151 Mass. 349. *Hill* v. *Hill,* 196 Mass. 509. *Chetwynd* v. *Chetwynd,* 4 Sw. & Tr. 151; *S. C.* L. R. 1 P. & D. 39. *Godrich* v. *Godrich,* L. R. 3 P. & D. 134. It may also, under § 29, if the course of proceeding is not specially prescribed, hear and determine all matters within the purview of the statute according to the proceedings in ecclesiastical courts and courts of equity. If the original decree contains no provisions for custody or maintenance, the court, on the petition of either parent, under § 25, can enter a new decree, or modify a former decree, as the circumstances of the parents and the welfare of the children may require. *Hill* v. *Hill,* 196 Mass. 509. And where the parents become unfitted for the trust, third persons by petition may intervene in behalf of the children. *Chetwynd* v. *Chetwynd,* 4 Sw. & Tr. 151. If the wife is given the sole custody with no provisions for their support, her remedy is to apply for a modification of the decree which will include maintenance; and where an order is not made a suit against her former husband to recover such expenses cannot be maintained. *Brow* v. *Brightman,* 136 Mass. 187. Compare *Spencer* v. *Spencer,* 97 Minn. 56; 2 L. R. A. (N. S.) 851.

The decree entered before the proceedings for guardianship were begun was decisive of the rights of the parents to the custody of their minor child so long as it continued in force. *Hill* v. *Hill,* 196 Mass. 509. *Morrill* v. *Morrill,* 83 Conn. 479. *Joab* v. *Sheets,* 99 Ind. 328. *Wilkinson* v. *Deming,* 80 Ill. 342. *Hill* v. *Hill,* 49 Md. 450, 456, 457. *Snover* v. *Snover,* 2 Stockton, 261, 262. *Hoffman* v. *Hoffman,* 15 Ohio St. 427, 436. See R. L. c. 153, § 37; c. 162, § 4. It would not prevent, however, the appointment of a guardian who should have the supervision and care of the minor's estate. R. L. c. 145, § 1. The divorce court is not given authority to appoint a guardian who shall have charge of the property of the children and they are not wards of the court.

The rights of a minor born in wedlock to real or personal property do not depend upon the continuance of the matrimonial

status of his parents, although the severance of the marital relation may furnish very substantial reasons for the appointment of a guardian to protect and preserve his estate. *Miles* v. *Boyden,* 3 Pick. 213, 216. But the child was not a party to the suit for divorce. The decree went no further than to adjudicate the parental rights of the former husband and wife as between themselves, and custody was conditioned to both lives, with the obligation imposed on the father to provide for the child's support. The liability for payment of alimony ceased with his death, although his executor or the administrator of his estate ordinarily could be held for accrued arrears. *Knapp* v. *Knapp,* 134 Mass. 353, 355. *McIlroy* v. *McIlroy,* 208 Mass. 458, 464. *Wells* v. *Wells,* 209 Mass. 282, 289. The provisions for custody also were abated or expired by limitation. *Rawson* v. *Rawson,* 156 Mass. 578, 580. *In re Blackburn,* 41 Mo. App. 622. *Davis* v. *Davis,* L. R. 14 P. Div. 162. And the natural rights at common law of the petitioner are only those of a surviving parent. *Worcester* v. *Marchant,* 14 Pick. 510. *Hogan* v. *Pacific Mills,* 158 Mass. 402, 405. Or, in other words, when the custody of the father terminated, the correlative right of the petitioner under the decree ceased.

The court of probate, under R. L. c. 145, § 4, as amended by St. 1902, c. 474, and St. 1904, c. 163, may give the custody of a minor to the guardian if it deems the surviving parent unfitted for the trust. The predominant purpose of the statute is the good of the child, and in making the decree, the court did not transcend its jurisdiction. *Dumaine* v. *Gwynn,* 10 Allen, 270, 272. But the petition should not be dismissed. The petitioner duly appealed from the decree of the Probate Court, and the appeal is now pending. While the decree has not been vacated the authority of the guardian is suspended, and all action under it is void unless the decree is affirmed. R. L. c. 162, § 16. *Daley* v. *Francis,* 153 Mass. 8. *Tyndale* v. *Stanwood,* 186 Mass. 59, 61. S. C. 190 Mass. 513. We assume that where the question of the proper custody of a child, not yet eight years of age, unable to determine for himself with whom he will abide is involved between the surviving parent and a probate guardian appointed under a decree from which an appeal has been regularly taken and is undetermined, the power of this court on *habeas corpus,* which is

also the appellate tribunal, to hear and decide in the exercise of a sound judicial discretion to whom custody during the controversy shall be given is paramount. *Commonwealth* v. *Hammond,* 10 Pick. 274. *Curtis* v. *Curtis,* 5 Gray, 235, 237. *Woodworth* v. *Spring,* 4 Allen, 321, 325.

By the terms of the report the case is to stand for further hearing before a single justice after the appeal from the decree of the Probate Court has been disposed of, and the order entered in the county court as to custody is to continue in force until the hearing. R. L. c. 191, §§ 3, 14. *King's Case,* 161 Mass. 46. *Seller's Case,* 186 Mass. 301. See *Ex parte Siebold,* 100 U. S. 404.

*So ordered.*