## No. 9840.

### PEOPLE, EX REL. WESTFALL *v.* GORHAM.

Decided January 9, 1922.

Habeas corpus proceedings by relator to obtain the custody of her infant son. Judgment for respondent.

### *Reversed.*

1. PARENT AND CHILD—*Custody of Children.* Notwithstanding a divorce decree awarding the care and custody of minor children to one of the parents, upon the death of such parent, the other parent becomes entitled to the custody of such children, unless· in a contest therefor it be shown that such parent is disqualified, or the interests of the children require some other disposition of their persons.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. FRANK DELANEY, for plaintiff in error.

Mr. C. W. DARROW, for defendant in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE relator, Bertha Westfall, instituted habeas corpus proceedings against Florence E. Gorham to obtain the custody of her infant son, Harry Austin Gorham. The relator and one Fay Gorham were married August 17, 1906, and this marital relation continued until February 17, 1916, when Fay Gorham obtained a decree of divorce and was awarded the custody of the child. Harry Austin Gorham was born of this marriage June 24, 1908. Fay Gorham died February 22, 1919. After his death, the mother, Bertha Westfall, demanded the custody of her child. Fay Gorham intermarried with defendant in error and divorced her prior to his marriage to the relator, and after divorcing the relator in 1916, he re-married the defendant in error.

We have carefully examined the record in the instant case, and find nothing reflecting upon the character and conduct of the relator since her marriage to Westfall which tends to overcome the presumption in her favor of her natural right to have the custody of her own child. There is no evidence in the record showing her to be disqualified. This court said in *Wilson v. Mitchell,* 48 Colo. 454, 111 Pac. 21, 30 L. R. A. (N. S.) 507:

"We are firmly of the opinion that in all cases of this character the presumption is, that the parents are fit and suitable persons to be entrusted with the care of their minor children, and that the interests and welfare of such children are best subserved when under such care and control; that such presumption is like unto the presumption of innocence in a criminal case, ever present, throughout the controversy, until overcome by the most solid and substantial reasons established by plain and certain proofs. Indeed, this presumption is essential to the maintenance of society, for without it, man would be denaturalized, the ties of family broken, the instincts of humanity stifled, and one of the strongest incentives to the propagation and continuance of the human race destroyed."

The record clearly shows the right of the mother to the

custody of her son. The fact that the decree of divorce awarded the child to the father does not deprive the mother of her superior natural right to the custody of the child at the death of the father. We said in *Wilson v. Mitchell, supra:*

"Notwithstanding a divorce decree awarding the care and custody of minor children to one of the parents, upon the death of such parent, the other parent becomes entitled to the custody of such children, unless in a contest therefor it be shown that such parent is disqualified, or the interests of the children require some other disposition of their persons."

The judgment is reversed and the cause remanded with directions to the court to enter an order awarding the custody of the child to the mother, Bertha Westfall.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.