FRANK L. PERRY, JR., *vs.* HILDA PERRY.

Bristol.　October 26, 1931. — March 30, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Marriage and Divorce,* Custody of child.

At the hearing of a libel for divorce and custody of a son of the parties, nine years of age, it appeared that the boy practically always had lived with his maternal grandmother; that he had a good home there; that she and her husband were proper persons to have the boy; that custody ought not to be awarded to the libellee; that during a period of separation between the libellant and libellee previous to the filing of the libel it was agreed by the libellant that the boy should stay with his maternal grandmother; that the libellant wished the custody of the child and proposed to put him with his, the libellant's, mother; that the grandmothers lived in the same city and that the employment of the libellant was not in that city. A decree of divorce *nisi* was entered in April, 1931, awarding custody of the child to the maternal grandmother. The libellant appealed from so much of the decree as related to the custody of the child. *Held,* that

(1) The court had jurisdiction under G. L. c. 208, §§ 28, 31, to award custody to the maternal grandmother;

(2) There is no express or implied requirement under said statute that the parents must be found unequivocally to be unfit before the custody of the child can be awarded to some suitable third person;

(3) The facts disclosed no ground to set aside the decree as violative of the rights of the libellant;

(4) The statute, even before the amendment by St. 1931, c. 261, did not prevent the court from doing that which was needed to promote the welfare of the child, although that might involve awarding the custody to some one other than either parent.

The decree above described, beside awarding custody to the maternal grandmother and directing the libellant to pay her $5 each week for support, directed "that said libellant have the right to have said child visit with him freely provided the child's schooling is not interfered with and that reasonable notice is given by the father to . . . [the grandmother] when he desires to have said child visit with him, that said libellant have the right to have said child with him in Falmouth

during the second week in July and the second week in August, if he makes proper arrangements for the care of said child during those periods, and may also také said child over any week end during the summer when he is in New Bedford [the home of both grandmothers], by giving reasonable notice to said . . . [maternal grandmother] that he desires to do so, until otherwise ordered by the court." *Held*, that the decree ought not to be reversed on the ground that it was indefinite and equivocal in its terms.

LIBEL for divorce and custody of a minor son of the parties, filed in the Probate Court for the county of Bristol on January 19, 1931.

The libel was heard by *Hitch*, J. Material facts found by him on the question of custody of the son of the parties, nine years of age, are stated in the opinion. On April 10, 1931, a decree *nisi* of divorce was entered, which, as to custody, ordered as follows:

"And it is further decreed that Mary Alexander, the maternal grandmother, have the care and custody of the minor child, Ernest Perry, that said libellant pay to said Mary Alexander the sum of Five dollars in each and every week hereafter for the support of said minor child, that said libellant have the right to have said child visit with him freely provided the child's schooling is not interfered with and that reasonable notice is given by the father to Mary Alexander when he desires to have said child visit with him, that said libellant have the right to have said child with him in Falmouth during the second week in July and the second week in August, if he makes proper arrangements for the care of said child during those periods, and may also take said child over any week end during the summer when he is in New Bedford, by giving reasonable notice to said Mary Alexander that he desires to do so, until otherwise ordered by the court."

From so much of the foregoing decree as related to custody of the child, the libellant appealed, setting forth the following grounds of appeal:

"1. That the decree, on question of custody, is not warranted by law.

"2. That the decree, on question of custody, is not warranted by the evidence.

"3. That the decree, on question of custody, does not unequivocably adjudicate the rights of the parties, and does not, in substance, adjudicate the question of custody.

"4. That the decree, on question of custody, is not based upon the exercise of a sound discretion."

The case was submitted on briefs.

*V. J. Grace*, for the libellant.

*J. F. Francis*, for the libellee.

RUGG, C.J.  The libellant has been granted in this proceeding a divorce from the libellee.  The present controversy relates to the custody of their minor son, born in February, 1922.  The decree of divorce, entered in April, 1931, provided that Mary Alexander, the maternal grandmother, have the care and custody of the minor; that the libellant pay her a specified sum each week for his support; that the libellant have the right to have his child visit with him freely, and to have the child with him at certain other times, all upon stated though somewhat flexible conditions.

The trial judge made a report of material facts.  Thus it appears that the child, at the time of the decree a little over nine years old, has practically always lived with his maternal grandmother; that he has a good home there, and that she and her husband are proper persons to have the child; that custody ought not to be awarded to the libellee; that during a period of separation between the libellant and libellee it was agreed by the libellant that the child should stay with his maternal grandmother; that the libellant wants the custody of the child and proposes to put him with his own mother; that both the grandmothers live in New Bedford and that the employment of the libellant is not in that city.  The judge further found: "It is difficult to see how it would be for the best interest of the child for him to be taken from the home of one grandparent, where he has always been, and placed in the home of another grandparent in the same city, against the wishes of the child himself. . . . For the present, at least, the best interests of the child require that he should remain at the home of Mrs. Alexander."

Since the evidence is not reported, these findings of fact

must be accepted as true. The main contention of the libellant is that, in the circumstances, as matter of law, the custody of the child cannot be awarded to the maternal grandmother and that the father is entitled to his custody. The relevant statute G. L. c. 208, § 28, so far as here material is: "Upon decree of divorce, . . . the court may make such decree as it considers expedient relative to the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain; and afterward may from time to time, upon the petition of either parent, or of a next friend, revise and alter such decree or make a new decree, as the circumstances of the parents and the benefit of the children may require." In making such decree it is provided that the rights of the parents in the absence of misconduct shall be equal and "the happiness and welfare of the children shall determine their . . . possession." G. L. c. 208, § 31.

The general rule is that presumably the parents, or the father if for any reason the mother is not in a position to assert rights, have the duty of care and maintenance of their children and are entitled to their custody; but the rights of the parents or either of them are not absolute and, in the event of controversy, paramount weight in awarding custody of children is to be given to their welfare with due consideration to the feelings and wishes of the parents. That proposition is elaborated in *Richards* v. *Forrest, ante,* 547, with citation of authorities.

The words of the governing statute in the case at bar are broad in scope. They are not bounded by limiting restrictions. There is no express or implied requirement that the parents must be found unequivocally to be unfit before the custody of the child can be awarded to some suitable third person. The trial court is vested with power to do what seems expedient in the light of all the conditions. There must be brought to the performance of the duty thus imposed the wisdom and the insight into human feelings essential to the solution of the delicate problems arising in disputes concerning domestic relations. There well may be cases

where the welfare of the child will be promoted by placing it in the custody of another and yet where the court cannot say that the parents are actually unfit. The present appears to be a case of that nature. It is not essential to the exercise of this power that the stigma of unfitness first be placed upon the parents. The father may be an estimable man and yet upon an impartial survey of the whole situation the highest good of the child may be advanced by giving the custody of him to another. The father in the case at bar has no home of his own. The practical question is whether the child shall continue to live with the grandmother with whom he has always lived, who furnishes a good home for him and where he desires to remain, or shall go to the other grandmother, with whom he has never lived. The facts and reasons set forth in the finding of the trial judge do not disclose any ground to set aside the decree as violative of the rights of the libellant.

The statute, although not so explicit in phraseology at the time of the entry of the decree as it since has been made by the new form enacted by St. 1931, c. 261, does not prevent the court from doing that which is needed to promote the welfare of the child, even though that may involve awarding the custody to some one other than either parent.

This conclusion is supported by the principles stated and the decisions collected in *Richards* v. *Forrest, ante,* 547, *Stone* v. *Duffy,* 219 Mass. 178. The words of Story, J. in *United States* v. *Green,* 3 Mason, 482, a controversy between the father and maternal grandfather, are peculiarly pertinent to the facts here disclosed. He said at page 485: "As to the question of the right of the father to have the custody of his infant child, in a general sense it is true. But this is not on account of any absolute right of the father, but for the benefit of the infant, the law presuming it to be for its interest to be under the nurture and care of his natural protector, both for maintenance and education. When, therefore, the Court is asked to lend its aid to put the infant into the custody of the father, and to withdraw him from other persons, it will look into all the circumstances, and ascertain whether it will be for the real, permanent interests of the infant; and if the

infant be of sufficient discretion, it will also consult its personal wishes. It will free it from all undue restraint, and endeavour, as far as possible, to administer a conscientious, parental duty with reference to its welfare." *Sturtevant* v. *State,* 15 Neb. 459. *Lippincott* v. *Lippincott,* 97 N. J. Eq. 517.

The decree ought not to be reversed on the ground that it is indefinite and equivocal in its terms. The custody of the child is plainly awarded to his maternal grandmother. The privileges stipulated for the father are not rigid in statement but are such as reasonably may describe those of a parent presumed to be desirous of coöperating to advance the happiness and welfare of his child and to carry out the decision of the trial judge even though adverse to his contentions.

*Decree affirmed.*