## MARY BARRY vs. WILLIAM P. SPARKS.

Suffolk. November 8, 1939. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Parent and Child. Marriage and Divorce*, Death of party, Custody of child, Support of child. *Contract*, Implied. *Practice, Civil*, Appellate Division: appeal; Requests, rulings, and instructions.

A divorce decree awarding the custody of a minor child of the parties to a third person and ordering the husband to make periodic payments to the wife for the support of her and the child, without provision that it should continue beyond the lives of the parties, became ineffective upon the death of the former wife, and thereupon the husband's common law right to custody of the child and obligation to support the child revived.

If one furnished support to a minor child without relying on the obligation of the child's father to pay for the support and the father reasonably understood he was not expected to pay for it, no implied promise by him to pay arose, nor could the other person, by later terminating the voluntary undertaking, then create an obligation of the father to pay for such support already furnished.

Upon appeal from a decision by an Appellate Division reversing a finding by a trial judge on the ground that he erred in denying certain rulings and stating that it was unnecessary to consider other rulings reported, all the rulings were subject to review by this court.

A new trial was required because of error of a judge of a District Court in refusing a requested ruling which was correct as a statement of law, stating in his report merely that it was "not according to fact" and not making any subsidiary findings or the statement as to facts required by Rule 27 of the District Courts (1932).

CONTRACT. Writ in the Municipal Court of the Charlestown District dated September 27, 1938.

The plaintiff appealed from an order by the Appellate Division for the Northern District made upon a report by *McDonnell*, J.

The case was submitted on briefs.

*J. J. Kiley*, for the plaintiff.

*T. H. Kane*, for the defendant.

DONAHUE, J. The plaintiff brought this action in a District Court to recover for board and lodging furnished by

her to the minor son of the defendant in the period from June 10, 1932, to September 27, 1938. A judge in the District Court found for the plaintiff, and reported to the Appellate Division his refusal to grant four rulings requested by the defendant. The Appellate Division held that there was error in the refusal to give two of the requested rulings and that it was unnecessary to consider the other two requests. Its final order was: "Finding for plaintiff reversed, judgment for defendant."

The report of the judge of the District Court contains no specific findings of subsidiary facts by the judge and does not purport to summarize all the evidence heard by him.

The report states: There "was evidence tending to show" what is here recited. A Probate Court by decree dated December 1, 1930, which became absolute on June 2, 1931, granted to the defendant a divorce from his wife, who was the daughter of the present plaintiff, on the ground of cruel and abusive treatment. The decree further provided that the maternal grandmother should have custody of the minor child of the parties to the divorce proceedings, that the defendant could see and have the child with him at reasonable times, and that the defendant should pay to his divorced wife $11 each week for her support and the support of the child until further order of the court. The divorced wife died on July 25, 1932. The defendant thereafter made no payment for the support of the child, who remained with the plaintiff. She has continued to support him. There was no conversation or agreement between the plaintiff and the defendant relative to his paying for the board and lodging furnished to the child by the plaintiff. The plaintiff expected to be paid for the board and lodging furnished. She made no demand on the defendant for such payment until a few weeks before the suit was brought. The defendant, at some time after the divorce, remarried and established a home. He did not see his child from June, 1932, until he saw him at the time of the trial in the District Court. He once went to the home of the plaintiff for the purpose of seeing the child but did not see either the child or the plaintiff, and once went to the school at-

tended by the child, "and drove around looking for him" but did not see him. The defendant testified that he "supposed" $5 a week was a fair charge for the board and lodging furnished by the plaintiff to the child.

The Appellate Division held that the judge in the District Court erred in refusing to give the following requests of the defendant for rulings: "1. The Probate Court having made a decree relative to the support of the defendant's child, which was to continue until further order of the court, the plaintiff's remedy is under a decree of that court which it had ample authority to make as part of the original decree or at any time subsequent. 2. The decree of the Probate Court having limited the defendant's liability to payments to the libellee the defendant is not legally liable to the plaintiff unless and until the probate decree is modified."

The Appellate Division held that it was unnecessary to consider the rulings of the judge denying the third and fourth requests for rulings, which are hereinafter discussed. We take the statement in the final order of the Appellate Division, "Finding for plaintiff reversed, judgment for defendant," to mean that it reversed the rulings of the judge, which denied the first and second requests, and on that basis ordered judgment for the defendant. *Loanes* v. *Gast*, 216 Mass. 197, 199. The first and second requests for rulings were rightly denied by the trial judge.

1. It was said in *Creeley* v. *Creeley*, 258 Mass. 460, 463: "At common law a father is entitled to the custody of his minor children and, if of sufficient ability, is bound to support them. . . . Accompanying this obligation to support is the right on the part of the father to the custody, society and services of the child." *Commonwealth* v. *Briggs*, 16 Pick. 203, 205. *Reynolds* v. *Sweetser*, 15 Gray, 78, 80. *Brow* v. *Brightman*, 136 Mass. 187, 188. *Gleason* v. *Boston*, 144 Mass. 25, 26–27. *Treasurer & Receiver General* v. *Sermini*, 229 Mass. 248, 251. This obligation, and these rights of a father at common law, may be affected by the provisions of various statutes which in stated circumstances give to the courts the power to award the custody of minor children to some one other than a parent. See G. L. (Ter.

Ed.) c. 119, § 44, dealing with neglected children; *Common-wealth* v. *Ball*, 259 Mass. 148; G. L. (Ter. Ed.) c. 201, § 5, which provides for the appointment of a guardian by the Probate Court and deals with the matter of the custody of a minor; *Richards* v. *Forrest*, 278 Mass. 547; G. L. (Ter. Ed.) c. 209, § 32, applicable where a husband fails to provide suitable support for his wife, or either spouse is living apart for justifiable cause; and G. L. (Ter. Ed.) c. 209, § 37, which applies where the father and mother merely live apart and are not divorced. *Bergeron* v. *Bergeron*, 287 Mass. 524. *Marshall* v. *Marshall*, 236 Mass. 248.

We are here concerned with the effect on the common law rights and obligations of a father when, by a decree entered in divorce proceedings, custody of his child is given to a third party, and payments by the father for the support of the child are ordered. Such a decree could properly be entered, and "upon the petition of either parent, or of a next friend" (G. L. [Ter. Ed.] c. 208, § 28) could be modified from time to time to meet changing conditions, *Brow* v. *Brightman*, 136 Mass. 187, 189; *Perkins* v. *Perkins*, 225 Mass. 392, 397, 398, during the lives of the parents and the minority of the child. *Hersey* v. *Hersey*, 271 Mass. 545, 550. So long as such a decree is in effect a father does not have the right to the custody of his child and is not under the obligation to provide for his support other than to make the payments for his support ordered by the decree. *Creeley* v. *Creeley*, 258 Mass. 460, 463. *Dodge* v. *Adams*, 19 Pick. 429, 431–432. *Miller's Case*, 244 Mass. 281, 283; but see G. L. (Ter. Ed.) c. 273, § 1. But when such a decree has been entered, upon the death of one of the parents (in the present case, the mother) the divorce decree ceases to have any further continuing effect, *Stone* v. *Duffy*, 219 Mass. 178, 182; *LeClerc* v. *LeClerc*, 85 N. H. 121, 123, at least when, as here, the decree makes no provision for its continuance beyond the lives of the parents. Compare *Southard* v. *Southard*, 262 Mass. 278, 280. The rights and the obligations of a father with respect to a minor child after the death of his divorced wife are those of a surviving parent, unaffected by the decree which had been entered in the

divorce proceedings. *Stone* v. *Duffy*, 219 Mass. 178, 182. *Clarke* v. *Lyon*, 82 Neb. 625, 629–630. When the divorced wife of the defendant died there was no longer any effective decree of court depriving the father of the custody of the child and relieving him from the common law duty to support him. The father was then entitled to the custody of the child, *Schammel* v. *Schammel*, 105 Cal. 258, 261, unless it should be shown that he was unfit to be his custodian or that the best interests of the child required otherwise. *People* v. *Gorham*, 70 Colo. 544. *Rallihan* v. *Motschmann*, 179 Ky. 180, 188, 189. The right of all parents to the custody of their children is subject to such conditions. See *Richards* v. *Forrest*, 278 Mass. 547, 553, 554; *Perry* v. *Perry*, 278 Mass. 601, 604. The defendant's common law right to the custody of his child revived and his obligation to support him again arose when the divorce decree became ineffective upon the death of the mother. See *Yates* v. *Yates*, 165 Wis. 250, 253, 254; *Commonwealth* v. *Micheli*, 258 Mass. 89, 92.

It follows, from what has hereinbefore been said, that the action of the trial judge in refusing to give the defendant's requests for rulings numbered one and two was correct, and that the action of the Appellate Division ordering judgment for the defendant on the ground that these requests should have been given was incorrect. The order of judgment for the defendant entered in the Appellate Division must therefore be reversed.

2. The trial judge reported, but the Appellate Division did not pass upon, his action denying, because "not according to fact," the following requests for rulings filed by the defendant: "3. If the plaintiff furnished support to the defendant's child without relying on the defendant's obligation to pay for necessaries furnished the child and the defendant reasonably understood that he was not being expected to compensate therefor, no implication of promise to pay the plaintiff arises. 4. If the plaintiff undertook unaided support of the defendant's child she cannot, by putting an end to the undertaking, bring to life an obligation on the defendant's part to compensate for support

previously furnished." The propositions of law contained in these requests are substantially correct.

The Appellate Division held that it was unnecessary for it to pass upon the action of the trial judge upon these requests, presumably because of the action taken by it on the first and second requests. The action of the trial judge on the third and fourth requests is nevertheless properly before this court. There must be a final order in an Appellate Division before an appeal may be taken to this court. *Patterson* v. *Ciborowski*, 277 Mass. 260, 264. Such an appeal, however, brings here for review all the rulings of law made by the trial judge and by him reported to the Appellate Division. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449. *Amsler* v. *Quincy*, 297 Mass. 115, 117. Since parties have the right to have all questions of law arising in the trial court reported to the Appellate Division (*Commercial Credit Corp.* v. *Flowers*, 282 Mass. 316, 321), they are entitled to have a review there of all questions of law reported by the trial judge.

In the present case the Appellate Division passed upon two, only, of the four requests for rulings reported by the trial judge, and reached a conclusion in favor of the defendant which we find to be erroneous. If the Appellate Division had passed on the defendant's requests numbered three and four, its conclusion necessarily would have been that the defendant was entitled to a new trial, since the trial judge erred in not complying with Rule 27 of the District Courts (1932). This rule as amended provides: ". . . Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the requests are not found, the Court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed." The trial judge denied the defendant's requests for rulings numbered three and four on the stated ground that they were "not according to fact." He made no findings of subsidiary facts. He failed to comply with the rule with the result that it is impossible

for a reviewing court to determine whether or not his assertion that the requests were not in accord with facts found by him is correct. See *Mericantante* v. *Boston & Maine Railroad,* 291 Mass. 261, 263; *Commonwealth* v. *Hull,* 296 Mass. 327, 336–337.

The questions of law reported by the trial judge came to the Appellate Division as a unit and on an appeal from the decision of the Appellate Division come before this court unaffected by the fact that the Appellate Division failed to pass upon them. Since the rulings of the trial judge on the defendant's requests numbered three and four were erroneous, and the record does not afford a basis for correcting the error, the final order of the Appellate Division must be reversed and a new trial must be had in the District Court.

*So ordered.*