McLAUGHLIN *v.* TODD, GUARDIAN.

4-5985 145 S. W. 2d 725

Opinion delivered November 11, 1940.

*Barber & Henry* and *John B. Thurman,* for appellant.

*Cooper Jacoway,* for appellee.

McHANEY, J. In October, 1927, the Lonoke chancery court granted Mary Belle McLaughlin, wife of appellant, a decree of divorce from him and awarded to her the sum of $15 per month for the use and benefit of their minor child, Juanita, to be paid to the clerk of the court monthly and by him delivered to said Mary Belle McLaughlin. Only two or three of these payments were ever made and they were paid direct to her and not to the clerk.

After the divorce, Mrs. McLaughlin and Juanita who was then about six years of age, went to live in Tennessee with her father, who was also the father of appellee, where they were cared for and supported by him until Mary Belle's death in 1936, and he thereafter supported and educated Juanita until his death in 1938, when the latter went to live with appellee and has since been supported by her.

In April, 1938, appellee qualified as the guardian of Juanita in Tennessee for the purpose of assisting

appellant in clearing the title to some real estate which he owned, and she as guardian executed the necessary instruments for this purpose. Thereafter, on June 22, 1938, nearly eleven years after the granting of said divorce and about two and one-half years after Mary Belle's death, appellee filed her intervention in the divorce case, praying recovery from appellant of $1,905, being the alleged amount of unpaid awards made in said divorce decree up to and including June 1, 1938. Appellee was thereafter appointed administratrix of her sister's estate and filed a like intervention in said case as she had as guardian. Appellant demurred to the jurisdiction of the court, which was overruled, and he filed an answer with a general denial and a plea of statute limitations.

Trial resulted in a decree awarding judgment against appellant in the sum of $735, with interest from September 1, 1939, until paid at 6 per cent. per annum, which covered the accrued installments for three years prior to the institution of the suit and one year and one month thereafter, up to the majority of the child. From this judgment there is an appeal and cross-appeal.

This case has given us a great deal of concern as to just what the applicable law is to these peculiar facts, which are not in dispute. Appellant contends that, upon the death of Mary Belle McLaughlin, the chancery court lost jurisdiction of the subject-matter of the original divorce action, because the action abated with her death. It will be remembered that the divorce decree was granted October 7, 1927; that Mary Belle McLaughlin died January 31, 1936; and that appellee intervened in the divorce action on June 22, 1938. This is not a suit on the judgment in favor of Mary Belle McLaughlin for the support of the child, granted in the divorce action, but it is an attempt by appellee as guardian to intervene in the old action and to require appellant to make the payments to her that were ordered to be made to Mary Belle. There can be no doubt that on the death of Mary Belle payments that otherwise would have accrued in the future stopped. Up to her death appellant's liability

for the support of his child was limited to the decree, but after her death his common-law liability for the support of his child intervened and supplanted the decree. In 19 C. J., p. 260, it is said: "Upon the death of the mother to whom the allowance (for the support of the child) was directed to be paid the decree becomes ineffective, the husband's duty to support the child then becoming absolute." The author cites to support the text the case Matter of Robinson, 17 Abbotts Prac. (N. Y.) 399, which report of the case follows: "In 1853 Reuben B. Robinson was divorced from his wife, on the ground of adultery committed by the husband. The custody of the children was given to the mother, and the sum of $200 was ordered to be paid to her for the support of each of them during minority. The mother having deceased, the children now petitioned the court for the appointment of a trustee, to receive and pay over the moneys which would have been paid to the mother for their support.

"This was opposed by the father, on the ground that the order of the court expired with the death of the mother. He stated that he was willing to support the children at his own house, and claimed that he was entitled to their custody.

"Held, that so long as the mother lived the judgment operated to give her the custody of the children, and to compel the father to provide her with the means for their support. Beyond that period the judgment ceases to have any effect. The father's rights over the children being restored, as he is bound to provide for all their wants, he is also entitled to their care and custody. The statute also shows that the petitioners are in error in supposing that a trust was created by the judgment of divorce, which continued for the benefit of the children after their mother's death. By the provisions of the revised statutes in regard to such payments (2 Rev. Stat., 148, 58), the provision for the children is to be made by an order, or between the parties. The order or judgment is only to be between the parties—husband and wife. When that relation is terminated by the death of either, the object of the order and its vitality ceases, and the surviving party is restored to his or her natural rights.

"The prayer of the petitioners is denied."

In *Barry* v. *Sparks,* 27 N. E. 2d 728, 128 A. L. R. 983, decided by the Supreme Judicial Court of Massachusetts on May 31, 1940, where the court was "concerned with the effect on the common-law rights and obligation of a father when, by a decree entered in divorce proceedings, custody of his child is given to a third party, and payments by the father for the support of the child are ordered," Mr. Justice DONAHUE, speaking for the court, said: "But when such a decree has been entered, upon the death of one of the parents (in the present case, the mother) the divorce decree ceases to have any further continuing effect, *Stone* v. *Duffy,* 219 Mass. 178, 106 N. E. 595; *Leclerc* v. *Leclerc,* 85 N. H. 121, 155 A. 249, 74 A. L. R. 1348, at least when, as here, the decree makes no provision for its continuance beyond the lives of the parents. Compare *Southard* v. *Southard,* 262 Mass. 278, 159 N. E. 512. The rights and the obligations of a father with respect to a minor child after the death of his divorced wife are those of a surviving parent, unaffected by the decree which had been entered in the divorce proceedings. *Stone* v. *Duffy,* 219 Mass. 178, 106 N. E. 595; *Clarke* v. *Lyon,* 82 Neb. 625, 118 N. W. 472, 20 L. R. A., N. S., 171. When the divorced wife of the defendant died there was no longer any effective decree of court depriving the father of the custody of the child and relieving him from the common-law duty to support it. The father was then entitled to the custody of the child, *Schammel* v. *Schammel,* 105 Cal. 258, 261, 38 P. 729, unless it should be shown that he was unfit to be its custodian or that the best interests of the child required otherwise. *People* v. *Gorman,* 70 Colo. 544, 203 P. 661; *Rallihan* v. *Motschmann,* 179 Ky. 180, 200 S. W. 358. The right of all parents to the custody of their children is subject to such conditions. See *Richards* v. *Forrest,* 278 Mass. 547, 180 N. E. 508; *Perry* v. *Perry,* 278 Mass. 601, 180 N. E. 512. The defendant's common-law right to the custody of his child revived and his obligation to support it again arose when the divorce decree became ineffective upon the death of the mother. See

*Yates* v. *Yates,* 165 Wis. 250, 161 N. W. 743; *Commonwealth* v. *Micheli,* 258 Mass. 89, 154 N. E. 586.''

In *Leclerc* v. *Leclerc,* 85 N. H. 121, 74 A. L. R. 1348, 155 Atl. 249, George T. Leclerc secured a divorce from his wife, Emelda Leclerc, and the custody of two of his infant children was awarded to him, and two others were awarded to her. George thereafter died and his sister filed her petition in the divorce action for the custody of the two children which had been awarded her brother, that the divorce proceedings ''be brought forward and that the order relating to the custody of the children formerly made therein be modified.'' The petition was granted by the lower court and the defendant, the former wife, excepted to the jurisdiction of the court, and an order was made changing or modifying the former decree as to the custody of the two given to the husband, and they were committed to a third person. On appeal, the Supreme Court of New Hampshire held that divorce proceedings abate upon the death of either party, and that it may not thereafter modify its order with respect to the custody of a child for the purpose of dealing with the changed situation. Under such condition only the probate court had jurisdiction by the appointment of a guardian.

It appears to us, therefore, that the effect of these cases is that the divorce action between appellant and Mary Belle McLaughlin abated on her death in 1936, and that an intervention by appellee in that action in the chancery court in 1938 to recover the accrued installments was unavailing, the chancery court being without jurisdiction. Whether appellee has any remedy and, if so, in what court it may be enforced, we do not decide.

The judgment will be reversed, and the cause dismissed.