*Northern District*

No. 4829

JOSEPH J. DURSO

v.

JOSHUA I. PHILLIPS
and
KATHRYN F. PHILLIPS

No. 350 of 1951

JOSHUA I. PHILLIPS
and
KATHRYN F. PHILLIPS

v.

JOSEPH J. DURSO

No. 385 of 1951

(January 6, 1956)

*Gadsby, P. J.* These are actions of contract to re-cover damages for breach of an agreement to build a house and garage. The answer filed in each case was a general denial. The cases were tried together.

There was a finding for the plaintiff in the first action for ($485.00) damages, and in the second case, in which the original plaintiff was the defendant, there was a finding for the defendant. The original defendant made no claim for a report so that the only question for this Court is the matter presented by the plaintiff's requests for rulings in the first case.

The trial judge died so that the report had to be established by the Appellate Division.

The plaintiff in the first case filed the following requests for rulings of law:

1. Upon the pleadings and the evidence the plaintiff is entitled to recover.

2. The parties to the contract could modify it by oral arrangement.

3. In order for the parties to substitute the oral contract for the written contract in this suit, it was not necessary for them to renounce it in specific words to that effect. They had a right to modify it in any way and by any mode of expression they saw fit to use. They could substitute a new oral contract by conduct and intimation as well as by express writings.

4. So far as the claims for extras are concerned, the plaintiff can recover if the defendants agreed to them and promised to pay.

5. The plaintiff can recover for the extras set forth in his declaration whether the defendants agreed to them or not and whether or not they agreed to pay for them, if in doing the work and furnishing the materials, the plaintiff intended to charge therefor, and the defendants knew, or as reasonable persons should have known, that the plaintiff intended to charge for them.

6. The plaintiff is entitled to recover for the extras set forth in his declaration if the defendants, or either of them, by word or act led him reasonably to suppose that they desired them or assented to their being done.

7. To lead a person reasonably to suppose that you assent to an oral arrangement is to assent to it, wholly irrespective of fraud. Assent, in the sense of the law, is a matter of overt acts, not of inward unanimity in motives, design or the interpretation of words.

The Court did not pass on the plaintiff's requests for rulings of law but found for the plaintiff.

The failure of the trial judge to pass on the requests for rulings of law constitutes in effect a denial

of them. It seems to have become a general practice for a judge, when finding for one party, not to pass on the requests for rulings of that party on the theory that by such a finding in his favor his requests are therefore impliedly waived. In the usual situation, no objection is raised by a party to this procedure because of the finding made in his favor. However, there may be occasions when a party, even though he has a finding in his favor, is dissatisfied with the damages awarded. Therefore the trial judge should protect himself by passing specifically on requests for rulings.

A party in a cause has a right to know in what lines the judge proceeded. Furthermore, Rule 27 of the District Courts (1952) provides, "Decisions of the trial Justice as to all requests for rulings duly filed shall be in writing and shall be included in the report as allowed or established."

This violation of Rule 27 did deprive the plaintiff of his right to know what the trial judge had in mind in relation to these requests. *Hetherington v. Firth Co.,* 210 Mass. 8, 17, 18 and 19; *Castano v. Leone,* 278 Mass. 429, 430, 431.

Even though the trial judge did find for the plaintiff, yet the plaintiff was entitled to have Rule 27 followed by the Court, especially in view of the fact that requests numbered 4, 5 and 6 dealt with extras which were the crucial questions in the case. *Barry v. Sparks,* 306 Mass. 80, 85.

The plaintiff has requested that the first action be sent back to the District Court for a new trial. He has not requested that a new trial be limited to the question of damages. Therefore, in view of the action of the trial judge, the finding for the plaintiff is vacated and the case ordered remanded for a new trial. There being no prejudicial error in the second action, the case is hereby dismissed.

John J. Ryan, Jr., for the plaintiffs.

Frederick H. Magison, for the defendant.