[No. 6806-1-II. Division Two. December 20, 1984.]

IRENE ROSS, *Respondent,* v. GEORGE AZCARATE, *Appellant.*

---

*Charles W. Talbot,* for appellant.

*Robert Felker,* for respondent.

REED, J.—George Azcarate appeals an order requiring payment of accrued child support to his ex–wife's mother. We reverse.

In 1971 George and Yvonne Ascarate were divorced. Yvonne was awarded custody of their daughter Devonna and George was ordered to pay child support. Although George consistently paid this obligation, he apparently showed little interest in his daughter. Yvonne died on November 14, 1979. Devonna, having refused to live with her father, was taken into the home of her maternal grandmother, Irene Ross. Azcarate stopped making support payments and informed Ross that she was now "responsible" for her granddaughter. On February 15, 1980, Ross was appointed Devonna's legal guardian.

In June of 1981 Ross sued Azcarate to enforce the divorce decree. At trial it was determined that Ross had incurred approximately $436 in monthly expenses to raise

her granddaughter, but also received $438 every month in social security survivorship benefits on Devonna's behalf. The court ordered Azcarate to pay $5,100 in accrued child support. We reverse because we find no basis for the award.

■ This suit was brought and apparently resolved on the theory that Ross somehow could enforce the support provision of her daughter's divorce decree. However, Ross did not acquire such a right by her appointment as Devonna's guardian. Past due child support can be recovered only by the custodial parent in whose favor the order runs, and is not a part of the child's estate. *Hartman v. Smith,* 100 Wn.2d 766, 768–69, 674 P.2d 176 (1984). More importantly, when Yvonne died her right to future payments under the support order, being personal to her, perished with her. *McLaughlin v. Todd,* 201 Ark. 348, 145 S.W.2d 725, 726–27 (1941); *Schammel v. Schammel,* 105 Cal. 258, 38 P. 729, 730 (1894); *Barry v. Sparks,* 306 Mass. 80, 27 N.E.2d 728, 731 (1940); 2 W. Nelson, *Divorce and Annulment* § 14.92, at 129 (2d ed. 1961); Annot., *Death of Mother of Child Whose Custody Has Been Awarded to Her or to Third Person by Divorce Decree as Reviving Father's Common–Law Duty To Support, or Right to Custody of, Child,* 128 A.L.R. 989 (1940). *Cf. Stone v. Bayley,* 75 Wash. 184, 190, 134 P. 820 (1913). Upon Yvonne's death Azcarate immediately became entitled to custody of Devonna and liable for her support, *In re Frank,* 41 Wn.2d 294, 297, 248 P.2d 553 (1952); *In re Neff,* 20 Wash. 652, 655, 56 P. 383 (1899). In short, Ross simply does not have standing to enforce the decree.[1]

■ Ross's only cognizable claim would have been a common law or statutory action for the "necessaries" she provided her granddaughter. *Miller v. Lewis,* 138 Wash. 167, 170, 244 P. 400 (1926); H. Clark, *Domestic Relations* §

---

[1]As noted Azcarate was current with his support payments when Yvonne died. Thus, even if Ross had been appointed personal representative of Yvonne's estate, there would have been no claim for accrued support. *Cf. Hartman v. Smith,* 100 Wn.2d 766, 674 P.2d 176 (1984).

6.3, at 190 (1968); RCW 26.16.205. However, the findings indicate that any expense Ross might have recovered under these theories was paid with the social security benefits she received on behalf of Devonna. Although parents are obligated to support their children and cannot rely on the latter's estate to meet this obligation, *In re Rudonick,* 76 Wn.2d 117, 125, 456 P.2d 96 (1969); *In re Ivarsson,* 60 Wn.2d 733, 740–41, 375 P.2d 509 (1962), social security survivorship benefits do not fall within this rule. Under federal regulations, if Azcarate had exercised his right to custody, he clearly could have been appointed Devonna's "representative payee" for the benefits, 20 C.F.R. § 416-.01(a)(1) (1981), and could have used them to pay her living expenses. 20 C.F.R. § 416.630 (1981). To the extent that the benefits did not suffice to defray the cost of her necessaries, he personally would have been responsible. Azcarate's liability is no greater simply because Ross was appointed Devonna's "representative payee" in his stead.

Azcarate, of course, remains responsible, both under common law and statute, for his daughter's welfare while she remains a dependent, and our holding does not change this. If Ross's reasonable and necessary expenses in raising her granddaughter had exceeded her compensation from social security, Azcarate would have been responsible for the balance. They did not and he is not.

Reversed.

PETRICH, C.J., and PETRIE, J., concur.