## Ronald KUPERS *v.* Julia KUPERS

CA 86-420                                         726 S.W.2d 686

Court of Appeals of Arkansas
Division I
Opinion delivered April 1, 1987

*Frank W. Booth*, for appellant.

*Gant & Gant*, for appellee.

JAMES R. COOPER, Judge. The appellant and Julia Kupers were divorced in 1970. Julia Kupers was awarded custody of the parties' two minor children, and the appellant was ordered to pay child support to her until each child reached the age of twenty-one years. Julia Kupers died on November 22, 1985. Julia Kupers' mother, Julia Woolley, was appointed guardian of the minor children after the death of Julia Kupers. On behalf of the minor children, Julia Woolley filed a motion in the chancery case against the appellant seeking enforcement of the minors' right to

support. The appellant defended, claiming that, since Julia Kupers was deceased, all matters between the appellant and Julia Kupers had ceased, and Julia Woolley could not maintain the action to enforce support orders against him on behalf of the minor children because she was not a party to the original divorce.

First, the appellant claims that the court lacked jurisdiction because of lack of service of process. The supplemental record filed in this case reveals that the appellant was served by certified letter in compliance with ARCP Rule 4. We affirm as to this point.

For his second point for reversal, the appellant argues that the jurisdiction of the chancery court terminated upon Julia Kupers' death, relying on *Brown v. Brown*, 218 Ark. 624, 238 S.W.2d 482 (1951). *Brown*, however, involved a matter of custody. The situation in the case at bar is more similar to that found in *McLaughlin v. Todd, Guardian*, 201 Ark. 348, 145 S.W.2d 725 (1940). In *McLaughlin*, the parties were divorced in 1927, and Mary Belle McLaughlin was awarded custody of the parties' minor child along with child support. Only a few payments were ever made by the appellant to Mary Belle, who died in 1936. In 1938, the appellee was appointed guardian of the child of the appellant and Mary Belle McLaughlin. The guardian then sought to intervene in the original divorce case seeking recovery of accrued child support. The chancellor awarded the guardian judgment for accrued child support, and, on appeal, the appellant claimed that, when Mary Belle McLaughlin died, the chancery court lost jurisdiction of the subject matter of their divorce action because the action abated upon her death. The court stated:

> This is not a suit on the judgment in favor of Mary Belle McLaughlin for the support of the child, granted in the divorce action, but it is an attempt by appellee as guardian to intervene in the old action and to require appellant to make the payments to her that were ordered to be made to Mary Belle. There can be no doubt that on the death of Mary Belle payments that otherwise would have accrued in the future stopped. Up to her death appellant's liability for the support of his child was limited to the decree, but after her death his common-law liability for the support of

his child intervened and supplanted the decree.

*Id.* at 350-51. Further, the court in *McLaughlin* said ". . . upon the death of one of the parents . . . the divorce decree ceases to have any further continuing effect, [citations omitted] at least when, as here, the decree makes no provision for its continuance beyond the lives of the parents." *Id.* at 352. The court went on to conclude:

> It appears to us, therefore, . . . that the divorce action between appellant and Mary Belle McLaughlin abated on her death in 1936, and that an intervention by appellee in that action in chancery court in 1938 to recover the accrued installments was unavailing, the chancery court being without jurisdiction. Whether appellee has any remedy and, if so, in what court it may be enforced, we do not decide.

*Id.* at 353. The same result was reached by the Court of Appeals of the State of Washington in *Ross* v. *Azcarate*, 39 Wash. App. 245, 692 P.2d 897 (1984). On facts similar to those in the case at bar, the Washington court held that the guardian simply does not have standing to enforce the provisions of a divorce decree. The same is true in the case at bar. The appellant's right to custody, although revived on the death of Julia Kupers, was supplanted by the guardianship proceeding; however, his common-law obligation to support his children has not terminated. As in *McLaughlin* and as in *Day* v. *Langley, Administrator*, 202 Ark. 775, 152 S.W.2d 308 (1941), any remedy the appellee may have must be found in a court that has jurisdiction and not in the chancery court that has lost jurisdiction by virtue of the death of Julia Kupers. Accordingly, we reverse.

Reversed.

CRACRAFT and COULSON, JJ., agree.