DAY *v.* LANGLEY, ADMINISTRATOR.

4-6400 152 S. W. 2d 308

Opinion delivered June 23, 1941.

776

*E. W. Price,* for appellant.

HUMPHREYS, J.  J. C. Day and Sadie Day became husband and wife in September, 1919, and lived together until February, 1936, at which time he abandoned her in the state of Mississippi and afterwards moved to Arkansas.  After residing in Arkansas for a considerable length of time, more than ninety days, he brought a suit in the chancery court of White county, Arkansas, against his wife, Sadie Day, for divorce under the seventh subdivision of § 2 of act 20 of the Acts of 1939, which is as follows:

"Where either husband or wife have lived separate and apart from the other for three (3) consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony."

He alleged in his complaint that he was and had been a resident of White county for two years next before filing the complaint and that he and Sadie, his wife, had lived separate and apart more than three consecutive years without cohabitation.

Service was obtained upon her by warning order in the manner required by law and having made default when the case was called for trial the court heard evidence in support of the allegations of the complaint, and, on July 8, 1940, ordered, adjudged, and decreed that the bonds of matrimony theretofore existing between J. C. Day and Sadie Day be annulled, set aside, and forever held for naught.

Prior to the institution of this suit J. C. Day had filed a suit in Adams county, Mississippi, for a divorce from Sadie Day on the ground of intolerable treatment, which was dismissed for want of equity, from which no appeal was taken and later he brought a suit for divorce from her in Cross county, Arkansas, on the ground of intolerable treatment which was also dismissed on the ground of *res adjudicata* of the suit brought in Adams county, Mississippi, from which no appeal was taken.

Then it was that he brought suit for divorce in White county, Arkansas, on a different ground from the ground alleged in the first two suits, with the result stated above.

On the 8th day of July, 1941, about one year after J. C. Day had secured a divorce from her she filed a motion to set aside the decree on the ground of fraud in the procurement thereof alleging that she had a meritorious defense thereto, and on cross-complaint prayed for a divorce on the ground of abandonment.

An answer to her motion and cross-complaint was filed by J. C. Day denying the material allegations in them and upon a hearing on the issues joined and testimony introduced the court denied the motion to set the decree of divorce aside and dismissed her cross-complaint praying for a divorce, from which she has duly prosecuted an appeal to this court.

The court, however, entered an order allowing her $25 a month alimony for twelve months beginning October 1, 1940, and from the allowance J. C. Day appealed to this court. He filed no brief and on failure to do so has abandoned his appeal.

J. C. Day died on April 5, 1941, and on motion her case was revived in the name of E. W. Langley, administrator of the estate of J. C. Day, deceased.

Learned attorney for appellant contends that the trial court erred in refusing to set the decree of divorce aside, but, on inspection of the record, we find no testimony showing that J. C. Day had not resided in Arkansas more than ninety days before he brought his suit in White county, and, according to the undisputed evidence, J. C. Day and Sadie Day had lived separate and apart more than three years without cohabitation before he brought his suit in White county.

Based upon the record made, the court correctly refused to set the decree of divorce aside.

The trial court also correctly refused to grant appellant a decree of divorce on her cross-complaint because the bonds of matrimony once existing between them had been dissolved by the decree of divorce granted to J. C. Day on July 8, 1940, in the suit wherein he was plaintiff and she was defendant.

Whatever alimony was due appellant when J. C. Day died on April 5, 1941, is not recoverable here because the rule announced in the case of *McLaughlin* v. *Todd, Guardian,* 201 Ark. 348, 145 S. W. 2d 725, is that pending suits for divorce abate when either husband or wife dies. If appellant has any remedy which accrued to her prior to the death of her husband she must recover it in a separate proceeding in a court that has jurisdiction of the subject-matter and not in the chancery court that has lost jurisdiction by the death of one of the parties to the proceeding.

No error appearing, the decree is affirmed.