Richard Allan TISDALE and Renae Lynn TISDALE, his wife, v. Jon Robert SEAVEY

85-70                                   691 S.W.2d 144

Supreme Court of Arkansas
Opinion delivered June 10, 1985

*Sanford, Pate & Marschewski*, by: *Jon R. Sanford*, for appellants.

*Swindell & Bradley*, by: *Benny E. Swindell*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant Renae Tisdale and appellee Jon Seavey are the biological parents of two minor boys, Christopher and Anthony, who are the subjects of this adoption case. In January, 1977, Renae was granted a divorce from Jon by the Court of Common Pleas of Ashtabula County, Ohio. In the same action, she was granted custody of the boys. The next month she married appellant Richard Tisdale. In August, 1979, Richard and Renae joined in a petition in the Ohio court by which Richard, the step-father, sought to adopt the boys. Jon, the biological father, contested the petition. The Ohio court, in dismissing the petition, found:

> . . . the Petitioners have not met the burden of showing that Jon Robert Seavey, the natural father, has failed, without justifiable cause, to communicate with the minor children or to provide for the maintenance and support of the minor children as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption. The Court determines that the evidence indicates that the father has met minimally the requirement of law concerning maintenance and support.

The record is clear regarding the natural father's many attempts to see the children and to use the legal process of requiring visitation even to the point of filing two Contempt charges against his former wife for violation of the visitation rights permitted by the Court.

Meanwhile, Renae and Jon had filed numerous post-judgment motions against each other in the original divorce action. The Ohio court, with both parties before it, heard two days of testimony in June 1984, consolidated the motions, and in July, 1984, held in part:

> The Court finds and the original plaintiff, Renae Seavey, now known as Renae Tisdale, has admitted under oath that she took the two minor children of the parties and moved to the State of Arkansas in October of 1979; that from 1979 until June of 1984, she neglected and failed to contact the defendant, Jon Seavey, as to their whereabouts; and at no time did she ever encourage the children to send nor did she send cards, letters, photographs or make telephone calls to the defendant. The Court further finds that the plaintiff did not conceal her whereabouts, and that her family and many relatives of the defendant were aware of her current address in Arkansas. However, the defendant has a strained relationship with most of his relatives, and therefore, was never given his children's current address, even by his relatives. The plaintiff, upon moving, did not notify the Bureau of Support nor did she notify the Welfare Department of her new location. It further appears that in 1980 and 1982, the plaintiff visited Ashtabula County with the minor children, but failed on each of these occasions to notify the defendant or inform him that the children would be in Ashtabula County and available for visitation. Obviously, the problem that has now developed is that the minor children now of the age of eight and nine years are nearly total strangers to their natural father, the defendant herein.

> . . .

> On the issue of the defendant's Motion to Modify Custody, the Court is of the opinion that said Motion should not be granted due to the fact that the children have

had absolutely no contact with their father for nearly four years, and it would not be in their emotional and psychological interests to transfer custody to a person who is in effect a total stranger to them. Therefore, with the best interests of the children in mind, the Court denies the defendant's Motion for the change of custody. The Court also denies the defendant's Motion for immediate possession of the minor children, and his Motion for the return of the children to the jurisdiction of Ohio, and his Motion to restrain the plaintiff from further concealment of the children's whereabouts. Although the Court is of the opinion that it is in the best interests of the children to deny these motions at this time, the Court does acknowledge that in effect the plaintiff is being rewarded for having concealed the children for a period of four years from the defendant, and the Court is of the further opinion that if the plaintiff should again in the future attempt to conceal the children from their natural father, at that time the Court would have no other alternative but to change custody to the natural father.

. . .

On the issue of the plaintiff's Motion to defer jurisdiction of the minor children to the State of Arkansas, the Court finds that the natural father, the defendant, resides in this county, that the parties were married in Ashtabula County, lived in this county during the time of their marriage, and were divorced in this jurisdiction. The Court further finds that the plaintiff, the natural mother, left this jurisdiction without notice to the Court or the defendant, and in the interests of justice, the Court is of the opinion that this Court should retain jurisdiction over the minor children. It is, therefore, ordered that the plaintiff's Motion to defer jurisdiction to the State of Arkansas is hereby denied.

In addition, in 1980, the Ohio court had relieved the father of making child support payments to the mother. That court made a finding of fact and ordered as follows:

. . .

Upon the evidence presented, the Court herein finds

that there is presently due and owing by Defendant, the sum of $454.70 to the Ashtabula County Welfare Department. That on or about February 1, 1980, Plaintiff left the state of Ohio with the minor children of the parties and Defendant has been unable to determine the whereabouts of the Plaintiff and his minor children.

It is therefore Ordered, Adjudged, and Decreed that Defendant's obligation of support of his minor children is hereby terminated as of February 1, 1980, however, Defendant is to pay the sum of $454.70 payable $51.00 each month, through the Clerk of Courts, Ashtabula County Court of Common Pleas, commencing August 1, 1980 and each month thereafter. Forthwith, upon receipt of the same, the said Clerk, through its Bureau of Support, will remit the same to the Ashtabula County Welfare Department. All of the aforementioned are subject to further order or modification of this Court. The costs of this proceeding are adjudged against the Defendant.

After the Ohio adoption petition had been denied, but before the Ohio post-judgment motions were heard, the appellants, Renae and Richard, the mother and the step-father, joined in a petition in the Probate Court of Johnson County, Arkansas, by which Richard again sought to adopt the boys. Again, the biological father contested the petition.

The Arkansas Court granted a motion to dismiss upon a finding that:

1. No consent to this proposed adoption by the Court of Common Pleas, Ashtabula County, Ohio, which granted the divorce of petitioner from respondent has been filed herein, and said Ohio Court has specifically retained jurisdiction over the minor children of the parties.

2. Section 56-206(4) of *Arkansas Statutes Annotated* states that an adoption may be granted only if written consent to the adoption has been executed by the Court having jurisdiction to determine custody of the minor.

The reason given by the Arkansas Court for the dismissal was an erroneous one. Ark. Stat. Ann. § 56-206(a) (Supp. 1983)

provides:

>    (a) Unless consent is not required under Section 7 [§
>    56-207], a petition to adopt a minor may be granted only if
>    written consent to a particular adoption has been executed
>    by:
>
>    (1) the mother of the minor;
>
>    (2) the father of the minor if the father was married to
>    the mother at the time the minor was conceived or at
>    any time thereafter, the minor is his child by adoption,
>    he has custody of the minor at the time the petition is
>    filed, or he has otherwise legitimated the minor accord-
>    ing to the laws of the place in which the adoption
>    proceeding is brought;
>
>    (3) any person lawfully entitled to custody of the minor
>    or empowered to consent;
>
>    (4) the Court having jurisdiction to determine custody
>    of the minor, if the legal guardian or custodian of the
>    person of the minor is not empowered to consent to the
>    adoption;
>
>    (5) the minor, if more than ten (10) years of age, unless
>    the Court in the best interest of the minor dispenses
>    with the minor's consent; and
>
>    (6) the spouse of the minor to be adopted.

By the time of the Arkansas adoption petition the mother,
Renae, had been granted lawful custody of the boys and so, § 56-
206(a)(4) (Supp. 1983) was not applicable. As stated in *Pender* v.
*McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979):

>    We have concluded that the consent of the Juvenile
>    Court of Cross County was not necessary. The adoption
>    proceedings were governed by the Revised Uniform Adop-
>    tion Act [Ark. Stat. Ann. § 56-201 et. seq. (Supp. 1977)].
>    Consent of the juvenile court would have been necessary
>    only if there was no person lawfully entitled to custody of

Belinda or empowered to consent to her adoption. Ark. Stat. Ann. § 56-207(a)(3) and (4). The paternal grandparents were lawfully entitled to custody of the child. The requirements of Ark. Stat. Ann. § 56-206(a)(3) are alternatives. The use of the disjunctive "or" makes the legislative intent quite clear that consent can be given either by (1) any person lawfully entitled to custody of the minor or (2) any person lawfully empowered to consent to her adoption. That person clearly need not be both lawfully entitled to custody and lawfully empowered to consent. The purpose of the legislature to authorize one who has been empowered to consent to do so, without also being lawfully entitled to custody, is clear. Thus, it is clear that the paternal grandparents had the power to consent to this adoption, because they were lawfully entitled to her custody, so Ark. Stat. Ann. § 56-206(a)(4) never came into play.

■■ The trial court erred in ruling that consent of the Ohio court was necessary, but we do not reverse because the court reached the right result, even if it did not enunciate the right reason. After the petition for adoption was filed in Arkansas in March, 1984, but before it was dismissed in October, 1984, the Ohio court ruled that appellant Renae "from 1979 until June of 1984, . . . neglected and failed to contact . . . Jon Seavey, as to their whereabouts; and at no time did she send cards, letters, photographs or make telephone calls. . . ." Additionally, ". . . in 1980 and 1982 . . . [she] visited Ashtabula County with the minor children, but failed on each of the occasions to notify . . . [the father]." In addition, by the 1980 decree, the Ohio court had relieved the father of the duty of making child support payments to the mother. That decree is not shown to have been modified. These decrees were before the Arkansas Court on the motion to dismiss.

■■ The Arkansas court must give full faith and credit to the Ohio decrees. Those decrees did not require the father to pay child support to the mother, and they further found that the father was justified in not communicating with the children at the time the Arkansas petition was filed since he did not know where they were. Therefore, consent of the father was not waived under § 56-207(a)(2) (Supp. 1983), and the Probate Judge was correct

in dismissing the petition.

Affirmed.