Harold SPEER *v.* Carolyn SPEER, Deceased, by J.D. Campbell, Administrator

88-220                                        766 S.W.2d 927

Supreme Court of Arkansas
Opinion delivered March 20, 1989
[Rehearing denied April 17, 1989.]

*Fendler, Gibson & Bearden*, by: *Oscar Fendler; Barbara Halsey*, for appellant.

*Knauts & Cole,* by: *C.W. Knauts,* for appellee.

STEELE HAYS, Justice. This appeal has been certified to us under Rule 29(1)(p) as involving the construction of a deed. It is the second appeal of a divorce case between Harold Speer, appellant, and Carolyn Speer. The parties were divorced by a decree entered in 1985, from which Harold Speer appealed. The Court of Appeals affirmed on direct appeal and modified and remanded on cross-appeal. See *Speer* v. *Speer,* 18 Ark. App. 186 (1986). Carolyn Speer died while that appeal was in process and her interest was pursued by her father as special administrator.

Harold Speer's contentions in the first appeal included an unsuccessful challenge to a finding by the trial court that a tract referred to as "The Glenn Farm" was marital property. Carolyn Speer's argument on cross-appeal was that the trial court should have awarded her one-half of a joint checking account containing $4,672. That argument was sustained by the Court of Appeals and the case was remanded with directions to make an appropriate award of those funds.

Following remand other disputes arose and Harold Speer has again appealed on three points of error. The first involves a lien on the Glenn Farm, which was sold at public auction to appellant Speer. The order for sale provided, among other things, that the property was to be sold free of any liens. But when appellant became the purchaser the chancellor directed that a lien be impressed on the property in the amount of $6,906.94, the balance due Carolyn Speer as a result of the divorce. Appellant does not challenge the amount of the lien, but rather, contends it was error to apply a lien at all, citing the order of sale as stating the property was to be sold "free of any liens."

■ We find no merit in the argument. Obviously, the provision for a sale free of liens was intended to apply in the event a third party became the purchaser and does not preclude the chancellor from imposing a lien on the property as part of the divorce proceedings. It cannot be seriously urged that the order of sale was intended to render the property lien-proof. Furthermore, appellant ignores the fact that a judgment lien attaches in any case by operation of law under Ark. Code Ann. § 16-65-117 (1987). Appellant has cited no authority and has offered no convincing argument to support his claim. See *HCA Health*

*Services of Midwest, Inc.* v. *National Bank of Commerce*, 294 Ark. 525, 745 S.W.2d 120 (1988); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Appellant's second point concerns certain expenditures he incurred in connection with the Glenn Farm and a ski boat, both of which were found to be marital property in the original divorce decree. On remand, appellant claimed he had incurred expenses on both properties and requested a set-off. As to the boat, appellant claimed marina storage charges for the two years following the decree. As to the farm, he claimed taxes and insurance for the same period. The trial court disallowed these expenses as a set-off, finding that appellant paid them as a volunteer, in the nature of an "officious intermeddler."

As appellant and Carolyn Speer were co-tenants of the properties in question when these expenses were incurred, we disagree with the trial court's reasoning. See, e.g., *Adkins* v. *Adkins*, 258 Ark. 852, 529 S.W.2d 144 (1975). However, we think the decision was correct in any event and will uphold the trial court if it reached the right result, even if it did not enunciate the right reason. *Tisdale* v. *Seavey*, 286 Ark. 222, 691 S.W.2d 144 (1985).

It is clear from the record that the expenses claimed by appellant were regularly incurred and capable of being anticipated. Appellant does not claim otherwise. The farm and the boat were both matters in litigation in the original divorce proceedings, yet appellant made no request for reimbursement of these expenses, either during or after the original trial of the case, nor, consequently, were these issues raised in the first appeal. The decision on the first appeal becomes the law of the case and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been but were not presented. *Morris* v. *Garmon*, 291 Ark. 67, 772 S.W.2d 571 (1987). Clearly, the matter of these expenses raised by appellant on remand were issues that could have been raised in the original trial. As appellant failed to raise these claims in the original proceeding, he is precluded from doing so at this stage.

Appellant also sought expenses on engine repairs of the ski boat that were made in 1984. These expenses were properly excluded by the trial court as expenses incurred prior to

the decree. *Goodlett v. Goodlett*, 209 Ark. 297, 190 S.W.2d 14 (1945). Nor do we find error in the trial court's disallowance of post-trial expenses made on well repairs at the Glenn Farm. The matter of post-trial expenses had not been mentioned by appellant in his petition for the hearing on remand and when appellant attempted to introduce proof on the issues, appellee objected on the basis of surprise. See ARCP 15. The trial court questioned both attorneys and determined that prior to the hearing, the parties had had conversations or negotiations which would have put the appellee on notice as to most of these expenses, but not as to the well repairs. On that basis, those repairs were excluded. ARCP 15 vests broad discretion in the trial court and from an examination of the record we cannot say that discretion was abused. See *Wingfield v. Page*, 278 Ark. 276, 644 S.W.2d 940 (1983).

The trial court also excluded leveling expenses paid on the Glenn Farm, on the ground that the issue had already been litigated. When the court had heard evidence on post-trial expenses at the hearing after remand, there was no mention of leveling expenses. Several months later, appellant requested a second hearing and attempted to introduce the leveling expenses. As the issue of post-trial expenses had already been litigated, the trial court did not err in excluding appellant's evidence.

The final point concerns the effect which the death of Carolyn Speer had on these proceedings. As noted previously, Carolyn Speer's father, J.D. Campbell, had been appointed administrator of her estate and was substituted on appeal to represent her interests. See *Speer v. Speer, supra*, at 187. After remand, no additional action was taken to establish Mr. Campbell's status as a substituted party.

Appellant argues that because of appellee's death, the action after the decree abated or, alternatively, there being no motion for revivor, all subsequent proceedings after the appeal were void. We find no merit to these contentions.

Our cases hold that a court will lose jurisdiction to award a divorce when one party dies prior to a decree, *Childress v. McManus*, 282 Ark. 255, 668 S.W.2d 9 (1984), as well as to decide matters relating to alimony or to the custody of children upon the oath of one party after the decree. See *McLaughlin v.*

*Todd*, 201 Ark. 348, 145 S.W.2d 725 (1940); *Day* v. *Langley*, 202 Ark. 775, 152 S.W.2d 308 (1941); *Kupers* v. *Kupers*, 20 Ark. App. 198, 726 S.W.2d 686 (1987). The death of a party will not, however, result in the court's losing jurisdiction in all matters. We have specifically held that the court will retain jurisdiction to settle property rights when one of the parties dies after a decree is entered and an appeal is pending. In *Owen* v. *Owen*, 208 Ark. 23, 184 S.W.2d 808 (1945), a decree of divorce was granted and property rights were adjudicated. The wife appealed and prior to a decision in this court the husband died. We stated that while death abates a divorce suit, even so, where property rights are involved it becomes our duty as an appellate court to review the decree. We said:

> Where the party seeking a divorce appeals from a judgment, simply denying it, and pending the appeal either party dies, the appeal and the action abate absolutely and cannot be reviewed, there being no one living who can legally have any interest in the same. . . . We do not have for decision the question whether an appeal could be prosecuted where no property rights were involved, for property rights were adjudged here; and there appears to be no division of authority as to the existence of the right of appeal when the decree also adjudicates property rights.

See also, *Bradshaw* v. *Sullivan*, 160 Ark. 547, 254 S.W. 1064 (1923); *Strickland* v. *Strickland*, 80 Ark. 451, 97 S.W. 659 (1906).

The same reasoning is found in 33 A.L.R. 4th 47, Divorce-Death Pending Appeal (1984), i.e., that a divorce action is purely personal and consequently terminates on the death of either spouse, but a different result is effected when property rights are involved: "This proposition [that the action is purely personal] is to be distinguished from the view taken in cases in which the death occurs after the final decree of divorce but during the time when an appeal may be taken. The general rule applied in cases involving such appeals is that the action abates with respect to the issue of the marital status of the parties but not with respect to the determination of property interests which may be affected by the divorce." *Id.*, at § 2. To the same effect see 24 Am. Jur. 2d, *Divorce and Separation* § 177 (1983).

In this case, all the issues considered in *Speer I*, and on remand, were purely matters of property rights, and consequently jurisdiction was properly retained as to those issues. The post-trial proceedings were not void as to those issues of property rights. Finding no error, we affirm.

The one issue of question in *Speer I* was an argument by appellee that the trial court's award of child support was inadequate. Our cases would indicate that because of appellee's death, this question was not properly before the Court of Appeals. See *McLaughlin* v. *Todd, supra.* We note initially that the Court of Appeals took no action on this point, but simply affirmed the trial court's award. But even if it had been otherwise, it would not alter our holding that the Court of Appeals and the trial court on remand did not lose jurisdiction on the issues of property rights. There is no basis to contend that the child support issue in any way affected the property issues joined with it and we find no authority that even suggests such a possibility.

Neither do we have any question on the effect of the absence of any motion for revivor after the appeal. When a motion for revivor is not timely made and a representative continues the action without objection, it has generally been held to be deemed a waiver of such a motion. 1 Am. Jur. 2d, *Abatement* § 117 (1962). And we have so held. *Short* v. *Stephenson*, 239 Ark. 287, 388 S.W.2d 912 (1965); *McDonald, Ex'x* v. *Petty*, 254 Ark. 705, 496 S.W.2d 365 (1973); and see *Obennoskey* v. *Obennoskey*, 215 Ark. 358, 220 S.W.2d 619 (1949). Furthermore, the burden to have the action properly revived is on the party seeking the relief from the court. *McDonald* v. *Petty, supra.*

Here, there can be no doubt but that any objection to a failure of revivor had been waived by appellant. Following the appeal, there were not one but two further hearings concerning matters after remand. Both hearings were made at the request of appellant, and in both instances, it was the appellant seeking relief from the court. It was not until nineteen months after appellee's death, on the very morning of the second hearing, that appellant first raised the issue of abatement by filing a motion to that effect. The trial court dismissed the motion.

Finding the issue was clearly waived, we can find no

error on the trial court's dismissal of appellant's motion on this point.