2010 Ark. 189

**Steve M. STUHR, as Administrator of the Estate of Donald James Stuhr, Deceased, Appellant,**

v.

**Holly Lynn OLIVER, Appellee.**

No. 09–1383.

Supreme Court of Arkansas.

April 22, 2010.

Keith, Miller, Butler, Schneider & Pawlik, PLLC, by: R. Austin Oyler and Kyle T. Unser, Rogers, for appellant.

Woods, Snively & Associates, LLP, by: Tim Snively, Fayetteville, for appellee.

PAUL E. DANIELSON, Justice.

Appellant Steve M. Stuhr, as administrator of the estate of Donald James Stuhr ("the Administrator"), appeals from the circuit court's order, which denied the Administrator's motion to be substituted as a party in Oliver's annulment proceeding and granted Oliver's motion to dismiss her petition for annulment. The Administrator asserts two points on appeal: (1) that the circuit court's denial of Oliver's annulment petition was clearly erroneous; and (2) that the circuit court's denial of his motion to be substituted as the party in interest in the annulment proceedings was clearly erroneous. We hold that even were there an order denying Oliver's petition for annulment, the Administrator would lack standing to challenge it, and we affirm the circuit court's order denying the Administrator's motion to substitute.

On May 27, 2009, Oliver filed a complaint for annulment against Donald James Stuhr. In the complaint, Oliver alleged that the parties had married on or about May 22, 2009, and had separated on or about May 23, 2009. She further stated that the marriage had not been consummated, and she requested

> an absolute annulment of and from the Defendant on the grounds of the Defendant was incapable of entering into the marriage state due to physical and mental causes and consent of the Plaintiff was obtained fraudulently by the Defendant. Further, that the Defendant was incapable of understanding or consenting to the marriage according to of [sic] Arkansas Law, Ark.Code § 9–12–201 (1987).

Stuhr responded, denying the allegations. On July 7, 2009, Stuhr died.

According to the circuit court's order, a hearing was held on Oliver's petition for annulment, without knowledge of Stuhr's death, and the circuit court "did not grant the petition due to insufficient testimony."[1] On July 16, 2009, Oliver filed a motion to dismiss her cause of action for annulment. That same day, the Administrator filed a motion to be substituted as a party in Oliver's annulment action.

In his motion to substitute, the Administrator stated that Stuhr had died, and that, while an estate had not yet been opened, he intended to petition the probate division of the circuit court to open an estate and appoint him as soon as the death certificate was issued.[2] The Administrator contended that under the rules of civil procedure, the court could appoint a special administrator to be substituted for the deceased party. For that reason, and in the interest of public policy, the Administrator stated that he "should be transferred as the real party in interest" in the annulment matter. Oliver responded to the motion, stating that the Administrator had no standing in an annulment case and, because the estate had not yet been opened, the Administrator had no authority.

On August 19, 2009, the circuit court held a hearing on the Administrator's motion to substitute. After hearing arguments from both sides, the circuit court took the matter under advisement. On August 31, 2009, the circuit court entered a letter opinion in which it denied the Ad-

ministrator's motion to substitute and granted Oliver's motion to dismiss. On September 9, 2009, the circuit court memorialized its earlier letter opinion in its order to dismiss. There, the circuit court made the following findings, in pertinent part:

2. The parties in this case were married on May 22, 2009. They separated on May 23, 2009. Plaintiff filed her complaint for annulment on May 27, 2009.

3. On July 7, 2009, the Defendant died. Without knowledge of Defendant's death, Plaintiff presented testimony to support the annulment petition approved by both parties on July 15, 2009.

4. This Court did not grant the petition due to insufficient testimony.

5. On July 16, 2009, the estate of the Defendant moved to be substituted as a party to the annulment action. On July 20, 2009, the Plaintiff filed a Motion to dismiss her Petition.[3]

6. The Court finds that any action in this matter is personal in nature. Death abates a divorce suit. Death during [a] suit for annulment should be treated the same as death during divorce.

7. Estate's motion to be substituted as a party is denied and Plaintiff's motion to dismiss is granted.

The Administrator now appeals.

## I. Denial of the Annulment Petition

■ For his first point on appeal, the Administrator challenges what he deems is

---

1. The only reference in the instant record to this hearing and the circuit court's decision is made in the circuit court's order dismissing the annulment action. The record contains no transcript of the hearing, nor any order regarding the circuit court's decision to "not grant."

2. The instant record does not reflect whether an estate was in fact opened; however, it does

indicate that a petition to open an estate had been filed. Because the circuit court treated Steve Stuhr as an administrator, we do as well to avoid any confusion.

3. As already noted, the record reflects that Oliver filed her motion to dismiss on July 16, 2009, and the Administrator filed his motion to substitute that same day.

the circuit court's denial of Oliver's annulment petition. However, it does not appear from the instant record that any order was ever entered by the circuit court denying the petition for annulment. That being said, even were there an order denying the petition, the Administrator would be precluded from challenging any order by the circuit court denying the petition because he was not a party to the action at the time of the decision.

■ The general rule regarding standing is that an appellate court cannot act upon an appeal taken by one not a party to the action below. *See In re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999). Here, the Administrator was not a party to the annulment action. The circuit court denied his motion to be substituted as a party, thus, he was never a party to the annulment action and would lack standing to appeal any determination relating to the annulment. While this court has recognized two circumstances in which a nonparty may gain standing to pursue appellate review of a circuit court's orders, neither applies here. The first occurs when a nonparty seeks relief under Ark. R. Civ. P. 60(k), which provides that an independent action may be filed to relieve a person from judgment who was not actually served with process. *See id.* The Administrator has sought no such relief; therefore, it is inapplicable. The other circumstance is the unique set of facts where this court has recognized "the right of those interested, *i.e.*, pecuniarily affected, to perfect an appeal where action had been taken without notice to the one complaining." *Arkansas State Highway Comm'n v. Perrin,* |₅240 Ark. 302, 305, 399 S.W.2d 287, 290 (1966). It is equally inapplicable as the Administrator's pecuniary interest would not be *directly* affected by any order granting or denying the annulment. *See id.* For these reasons, the Administrator would have no standing to

appeal even were there an order denying Oliver's annulment petition.

II. *Denial of the Motion to Substitute*

For his second point on appeal, the Administrator argues that the circuit court's denial of his motion to be substituted as a party was clearly erroneous. The Administrator, while conceding that the marriage at issue was voidable rather than void, points to other jurisdictions that have permitted an estate to proceed with an annulment action after the death of a spouse, where the petition for annulment was filed prior to the spouse's death. He urges that under Arkansas law, an annulment is not treated like a divorce. Further, he claims that public policy is not violated here, where both spouses, when alive, agreed that the marriage should be annulled, pointing to his exhibit that was before the circuit court, which consisted of a notarized signature by Stuhr on a proposed order of annulment.

■ Oliver responds that the circuit court did not err in denying the Administrator's motion to substitute because her annulment action abated upon Stuhr's death. She asserts that because it is well settled in Arkansas that death abates a divorce action, and annulment and divorce involve similar considerations, the abatement concept should apply equally to annulment actions. Alternatively, Oliver contends that even if the circuit court erred in denying the motion to substitute, the circuit court granted her motion to dismiss her |₆annulment petition, and any reversal would therefore be futile. While the Administrator urges a clearly erroneous standard of review, this court has previously applied an abuse-of-discretion standard of review when reviewing the denial of a motion for substitution of parties. *See Wolford v. St. Paul Fire & Marine Ins. Co.*, 331 Ark. 426, 961 S.W.2d 743 (1998).

In Arkansas, "[m]arriage is considered in law a civil contract to which the consent of the parties capable in law of contracting is necessary," Ark.Code Ann. § 9–11–101 (Repl.2009), and may be annulled only for causes set forth by statute. *See Phillips v. Phillips,* 182 Ark. 206, 31 S.W.2d 134 (1930); *see also Porter v. Arkansas Dep't of Health & Human Servs.,* 374 Ark. 177, 188, 286 S.W.3d 686, 695 (2008) ("Annulment, like divorce, is a creature of statute and can be granted only upon proof of a statutory ground."). Arkansas's annulment statute, section 9–12–201 (Repl.2009), sets forth those causes:

> When either of the parties to a marriage is incapable from want of age or understanding of consenting to any marriage, or is incapable of entering into the marriage state due to physical causes, or when the consent of either party shall have been obtained by force or fraud, the marriage shall be void from the time its nullity shall be declared by a court of competent jurisdiction.

In *Vance v. Hinch,* 222 Ark. 494, 261 S.W.2d 412 (1953), this court held that the term "void" as used in the annulment statute means that such a marriage is voidable. There, this court held that a decedent's direct heirs could not attack the decedent's marriage after her death. In interpreting the annulment statute, then Ark. Stat. Ann. § 55–106, this court noted that the Missouri Supreme Court had previously construed the Arkansas statute,

and we quoted a provision cited with approval by the Missouri appellate court:

> "A voidable marriage can only be inquired into by a direct proceeding between the parties and during the lives of both of them. Until it is set aside it is practically valid for all purposes, but when set aside the decree renders it void from the beginning."

222 Ark. at 499, 261 S.W.2d at 415 (quoting *Henderson v. Ressor,* 265 Mo. 718, 178 S.W. 175, 177 (1915) (quoting 2 William T. Nelson, *A Treatise on the Law of Divorce & Annulment of Marriage* § 569 (1895))). More recently, we have observed that "[a] state of marriage can only be dissolved *during the lives of the parties* to the marriage by annulment" under the annulment statute. *Mabry v. Mabry,* 259 Ark. 622, 626, 535 S.W.2d 824, 826 (1976) (emphasis added); *see also* 4 Am.Jur.2d, *Annulment of Marriage* § 57 (2010) ("[T]he right to annulment of a marriage which is voidable only is a personal right and proceedings for annulment must be brought during the lifetime of both parties to the marriage.").

Here, the defendant to Oliver's annulment action, Stuhr, died prior to any entry of an order disposing of the action, and, therefore, the marriage was not dissolved during the lives of the parties. While we have not specifically addressed whether death abates an annulment action, we have held that death abates a divorce action.[4] *See Ginsburg v. Ginsburg,* 353 Ark. 816, 120 S.W.3d 567 (2003); *Chil-*

---

4. Notwithstanding that holding, we have further held that a court will retain jurisdiction to settle property rights when one of the parties dies after a decree is entered and an appeal is pending:

> Where the party seeking a divorce appeals from a judgment, simply denying it, and pending the appeal either party dies, the appeal and the action abate absolutely and cannot be revived, there being no one living who can legally have any interest in the

same.... We do not have for decision the question whether an appeal could be prosecuted where no property rights were involved, for property rights were adjudged here; and there appears to be no division of authority as to the existence of the right of appeal when the decree also adjudicates property rights.

*Speer v. Speer,* 298 Ark. 294, 299, 766 S.W.2d 927, 930 (1989) (quoting *Owen v. Owen,* 208 Ark. 23, 24, 184 S.W.2d 808, 809 (1945)).

_dress v. McManus,_ 282 Ark. 255, 257–58, 668 S.W.2d 9, 11 (1984) ("Death of a party to a divorce proceeding takes away the jurisdiction of the chancery court."). In line with our prior holdings that a marriage can only be inquired into or dissolved by annulment during the lives of the parties, we now hold that an annulment action also abates upon death, as other jurisdictions have held. _See, e.g., Davidson v. Davidson,_ 35 Wis.2d 401, 151 N.W.2d 53 (1967) (holding that where the marriage was voidable, the action for annulment abated upon the death of the plaintiff); _Merrick v. Merrick,_ 314 Ill.App. 623, 42 N.E.2d 341, 343 (1942) ("We are of the opinion that the rule announced in the _Bushnell_ [_v. Cooper,_ 289 Ill. 260, 124 N.E. 521 (1919)] case, that in the absence of a statute to the contrary, the death of one of the parties to a divorce case or a separate maintenance case abates the action, should be applied in a case like the one at bar, where it is sought to annul a marriage."). Accordingly, Oliver's suit for annulment abated upon Stuhr's death. _See, e.g.,_ 4 Am.Jur.2d, _Annulment of Marriage_ § 53 (2010) ("The death of a party to a marriage terminates a proceeding attacking the marriage."). Because the suit abated upon Stuhr's death, the circuit court lost jurisdiction and did not abuse its discretion in denying the Administrator's motion to substitute. _See, e.g., Speer v. Speer,_ 298 Ark. 294, 766 S.W.2d 927 (1989) (observing that a court will lose jurisdiction to award a divorce when one party dies prior to a decree); _Childress, supra_ (observing that the death of a party to a divorce proceeding takes away the jurisdiction of the chancery court); _Day v. Langley,_ 202 Ark. 775, 152 S.W.2d 308 (1941) (observing that pending suits for divorce abate when either husband or wife dies and that the chancery court loses jurisdiction by the death of one of the parties to the proceeding). For this reason, we affirm the cir-cuit court's denial of the Administrator's motion to substitute.

Affirmed.