Cite as 2024 Ark. App. 411

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-135

| | |
|---|---|
| G. SOLOMON ENTERPRISES, INC.; AND GENE S. CARMICAL<br><br>APPELLANTS<br><br>V.<br><br>CHERIA RUSSENBERGER AND PATRICK RUSSENBERGER<br><br>APPELLEES | **Opinion Delivered** September 4, 2024<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NOS. 43CV-18-545; 43CV-18-546]<br><br>HONORABLE SANDY HUCKABEE, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

On November 16, 2022, the circuit court entered an order granting the motion in limine filed by appellees Cheria and Patrick Russenberger, denying the motion to revive filed by appellants G. Solomon Enterprises, Inc.; and Gene S. Carmical, and dismissing the case with prejudice. On appeal, appellants argue that reversal is warranted because (1) the circuit court erroneously used the motion in limine to dispose of the entire claim; (2) appellants substantially complied with the revivor statutes; and (3) appellees waived the issue of revival due to their failure to timely object. We affirm.

On May 30, 2018, Gene S. Carmical filed a verified complaint against appellees, Cheria and Patrick Russenberger, asserting a conversion-of-property claim.[1] Carmical alleged that appellees

---

[1]Cheria is Gene S. Carmical's daughter.

entered his residence and, without permission, removed items from his home, including various firearms, ammunition, and sheets of silver and gold coins and other precious metals. Carmical further alleged that appellees removed farming equipment from his property, including a 1520 John Deere tractor, a six-foot bush hog, a Ford 410 backhoe with front-end loader, and buckets of various sizes. Carmical stated that despite the demand for return of his property, appellees refused and continued to convert said property to their own individual use to his detriment. Carmical sued for either the return of his property or the actual cash value of the property and an award of punitive damages. Appellees responded to the complaint admitting that the farming equipment was taken to their home but denying the conversion allegations. Appellees stated that Carmical gave the property to them years prior and that he "suffers from memory loss issues and lacks the cognitive capacity to prosecute this action." As a defense, appellees stated that the property was gifted to them and that under Arkansas law, a person cannot convert property that has been rightfully obtained as a gift from a parent. Appellees stated that Carmical does not recall gifting the property because of his memory loss.

On that same day, May 30, 2018, G. Solomon Enterprises, Inc.; and Gene S. Carmical individually and in his capacity as director of G. Solomon Enterprises, Inc., filed an action against appellees for conversion of corporate property. The complaint alleged G. Solomon Enterprises, Inc., owned a 1964 Cessna 210 Aircraft and that in March 2017, appellee Cheria sold the aircraft for approximately $39,000. The complaint further alleged that Cheria did not have authority to sell the aircraft, Cheria continues to withhold the proceeds of the sale, and Patrick is complicit in the unlawful sale and delivery of the corporate aircraft. Appellants sought actual and punitive damages relating to the conversion of the corporate property. In response, appellees pleaded affirmatively that separate

2

appellee Cheria is the director of G. Solomon Enterprises, Inc., and admitted that Cheria has possession of the proceeds of the aircraft sale but denied that appellant was not informed of the sale.

On February 20, 2020, during the pendency of the two cases, appellant Carmical died. A motion to consolidate was filed on November 19, with an order to consolidate the two related and substantially similar cases entered on November 23. Following an order to mediate, the parties engaged in mediation on March 12, 2021, but were unable to reach an agreement.

Appellees filed a motion in limine and a brief in support of the motion on August 17, 2022, urging that (1) no party had properly been substituted in place of the deceased, and the action had not been revived; and (2) G. Solomon Enterprises, Inc., lacked standing to prosecute the action as required by Arkansas law. The motion sought dismissal of the case or, in the alternative, that no person be allowed to present evidence on behalf of G. Solomon Enterprises, Inc., "until such time that it proves that it has standing." In response, appellants denied that the motion in limine should be granted and acknowledged the need to revive the case as a result of Carmical's death.

Shortly thereafter, on August 24, Joan Carmical, Gene Carmical's spouse, moved "to revive the case in the name of Joan Carmical, Executrix of the Estate of Gene S. Carmical, Deceased." Appellees responded to the revivor motion pleading affirmatively that Carmical's claims cannot be revived because they do not consent to the revival of the claims after the expiration of one year from the time the order might first have been made, i.e., the date of Carmical's death. Following briefs on the motion to revive, the circuit court entered an order of dismissal with prejudice denying appellants' motion to revive and granting appellees' motion in limine. This appeal followed.

On appeal, appellants first argue that the circuit court erred in granting appellees' motion in limine "as a final disposition of the case." Arkansas law is well settled that a motion in limine is to be

3

used to prevent some specific matter, perhaps inflammatory, from being interjected prior to the circuit court's having decided on its admissibility outside the hearing of the jury and is not intended to dispose of the entire claim.[2] Appellants assert that when the circuit court "used the motion in limine as a method of dismissing the entire case with prejudice, the [circuit] court acted erroneously and contrary to established precedent."

In the portion of appellees' brief in support of their motion in limine discussing the failure to substitute a party for Carmical and failure to revive the action, they state that "this matter must be dismissed as to the causes of actions [pled] by Plaintiff Gene S. Carmical because no person has or can get standing to prosecute this matter at this time." Additionally, appellees stated that G. Solomon Enterprises, Inc., is a foreign corporation that lacks standing to conduct business in Arkansas, "and this matter must be dismissed as to the causes of actions plead by Plaintiff G. Solomon Enterprises, Inc. for numerous reasons, specifically that the corporate charter was forfeited prior to the filing of this action, that even if the corporation was in good standing in Delaware it did not have the authority to prosecute this action as required by Arkansas law, and/or the only person with standing to prosecute this lawsuit is deceased." Therefore, although the pleading was titled a motion in limine, it is clear that the motion sought dismissal of the action. A motion will not be judged entirely by what it is labeled but also by what it contains.[3] Motions are liberally construed so that courts are not blinded by titles but should look to the substance of motions to ascertain what they seek.[4] Here, the motion, though titled "in limine," sought dismissal. Accordingly, we hold that the circuit court did

---

[2]*See Ark. State Hwy. Comm'n v. Pulaski Inv. Co.*, 272 Ark. 389, 614 S.W.2d 675 (1981).
[3]*Cornett v. Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987).

[4]*Martin v. Nationwide Mut. Ins. Co.*, 2015 Ark. App. 201.

4

not err in putting substance over form and treating the motion in limine as a motion for dismissal where the motion unequivocally asked for dismissal.

Next, appellants argue that the circuit court erroneously denied the motion to revive because they had substantially complied with the revivor statutes. Appellants assert that

> Joan Carmical filed a probate action with the same trial judge, the Honorable Sandy Huckabee, a few months after Gene Carmical passed away. In that probate action, Joan Carmical requested to be appointed as the administratrix of the estate, including the litigation herein and for the property subject to the dispute below. Appellee Cheria Russenberger was included on the list of heirs and received notice of the probate action. These actions of Joan Carmical substantially complied with the requirements of the revivor statute. Additionally, 12 months after the death of Gene Carmical, the trial court continued to enter orders in the case and the parties continued to engage in discovery and other litigation. These actions show that all parties intended that the claim should continue.

Appellants argue that Joan Carmical substantially complied with the revivor statute by procuring an order of the court to proceed as the executrix of Gene Carmical's estate, including the case at issue; therefore, this court should reverse the circuit court's denial of its motion to revive and remand for further proceedings. Appellants' argument is not well taken.

If a plaintiff dies during a case, his or her estate must have an order to revive entered within one year after the death, unless the defendant later consents to an order.[5] If the order is not entered in time and if the defendant does not consent to an order after a year has passed, the case must be dismissed.[6] Gene Carmical died on February 20, 2020. Joan Carmical, the executrix of his estate, filed a motion to revive on August 24, 2022, two and a half years after Gene's death. Because the

---

[5]Ark. Code Ann. § 16-62-108 (Repl. 2005).

[6]Ark. Code Ann. § 16-62-109 (Repl. 2005).

5

motion was filed eighteen months too late and appellees did not consent to an order of revivor, the circuit court did not err in denying appellants' motion to revive and dismissing the case.

The Arkansas revivor statute requires a party to obtain an order of revivor within one year or, after a year, obtain the opposing party's consent; Carmical's estate did neither. This amounts to noncompliance, not substantial compliance, as urged by appellants. Appellants cite no authority for the proposition that mere appointment of an estate administrator is sufficient to establish substantial compliance with the revivor statutes. Furthermore, despite appellants' contention that substantial compliance is the standard in determining whether the requirements of the revivor statues are met, we disagree.

In support of their argument that substantial compliance is sufficient to revive an action, appellants cite *Deaver v. Faucon Properties, Inc.*[7] Appellants urge that because the circuit court found that the action in that case had been revived by way of issuance of an order substituting the proper party pursuant to Arkansas Rule of Civil Procedure 25, "which did not contain the word revivor," substantial compliance is the standard. Appellants' reliance on *Deaver* is misplaced. Revivor is simply the substitution of a new party to proceed with the prosecution or defense of a claim.[8] The burden to have the action properly revived is on the party seeking the relief from the court.[9] In *Deaver*, the proper party was substituted upon the death of the plaintiff well within one year of the party's death. This is in compliance with the time limitation imposed by the revivor statutes. Further, in *Nix v. St.*

---

[7]367 Ark. 288, 239 S.W.3d 525 (2006).

[8]1 C.J.S. *Abatement and Revival* § 155.

[9]*Speer*, *supra*.

*Edward Mercy Medical Center*,[10] our supreme court held that Rule 25 does not supersede the substantive time limit imposed on revivor. Here, appellants did not comply with the revivor statutes' one-year time limit.

Last, appellants argue that appellees waived the issue of revival due to failure to timely object or, in the alternative, implicitly consented to revival of the action. Appellants contend that appellees consented to "Joan Carmical's revival by sending her discovery in this matter, participating in mediations, and continuing to engage in litigation with her."

Waiver is the voluntary abandonment or surrender by a capable person of a right known by him to exist, with the intent that he shall forever be deprived of its benefit, and it may occur when one, with full knowledge of material facts, does something that is inconsistent with the right or his intention to rely upon it.[11] Whether a waiver occurred is a question of intent, which is usually a question of fact.[12] Therefore, on the issue of waiver, we do not reverse the circuit court's finding of fact unless it is clearly erroneous or clearly against the preponderance of the evidence.[13]

In support of their contention that appellees waived the right to object to revival, appellants rely on *Speer v. Speer*.[14] When a motion for revivor is not timely made and a representative continues

---

[10]342 Ark. 650, 30 S.W.3d 746 (2000).

[11]*Jackson v. Crump*, 2022 Ark. App. 137, 643 S.W.3d 781.

[12]*Id.*

[13]*Id.*

[14]298 Ark. 294, 766 S.W.2d 927 (1989).

the action without objection, it has generally been held to be deemed a waiver of such a motion.[15]  In *Speer*, the administrator of the decedent's estate had been substituted on appeal to represent the decedent's interest, but no motion for revivor was filed on remand to establish the administrator's status as a substituted party.  Our supreme court held that an objection to a failure of revivor had been waived by appellant where two hearings took place on the matters after decedent's death, the hearings were at the appellant's request, it was appellant seeking relief from the court, and appellant did not object to the estate's status as the proper party and failed to raise the revivor issue until the morning of the second hearing.[16]

Here, Joan Carmical was appointed executrix of Gene Carmical's estate in May 2020 following his death in February 2020; the estate was not substituted as a party in the action. Carmical's attorney, on behalf of appellants, filed a motion to consolidate on November 19, which was within the one-year period following Gene Carmical's death.  This cannot constitute waiver because the revivor statute does not require that the opposing party be consulted until after the expiration of one year from the time when the order of the revivor might have been first made.[17]  No other pleading was filed in the case until August 2022 when appellees filed a motion in limine and sought dismissal for failure to revive.  Appellees participated in mediation on March 12, 2021.  This

---

[15]*Id.*

[16]*See id.*

[17]*See Keffer v. Stuart*, 127 Ark. 498, 193 S.W.83 (1917); *see also Wooley v. Planter's Cotton Oil Mill, Inc.*, 91 Ark. App. 213, 209 S.W.3d 409 (2005) (holding separate appellee Continental had not waived its right to object to the revivor by continuing to participate in discovery and other actions within the first year because it need not have been consulted until one year after the decedent's death).

does not amount to the clear intent to waive the right to object to revival as seen in *Speer*. We cannot say that the circuit court clearly erred in finding that appellees' actions after Carmical's death did not constitute a waiver of the issue of revival and the prescribed one-year time period.

For the reasons stated above, we affirm the circuit court's order dismissing this consolidated action in its entirety with prejudice.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*David A. Hodges* and *David Horn*, for appellants.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellees.